RECEIVED
SEP 2 3 2022
BY MAIL

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MISSOURI
DIVISION

Janet L Austell, Pro Se )
)    **Complaint for a Civil Case**
)
)
v. )
)
City of Pagedale, Eddie Simmons, JR,    Case No.
Sam J. Alton, Police Officer Brown, Police
Officer Cull

Plaintiff requests trial by jury:

■ Yes

# **CIVIL COMPLAINT**

## I. The Parties to This Complaint

### A. The Plaintiff(s)

| | |
|---|---|
| Name | Janet L. Austell |
| Street Address | 1149 Orchard Lakes Drive |
| City and County | St. Louis County |
| State and Zip Code | MO 63146 |
| Telephone Number | (314) 737-2904 |
| E-mail Address | JAUSTELL@ICLOUD.COM |

### B. The Defendant(s)

Defendant No. 1

| | |
|---|---|
| Name | City of Pagedale |
| Job or Title | A Municipal Corporation |
| Street Address | 1420 Ferguson AVE |
| City and County | Pagedale, St. Louis County |
| State and Zip Code | MO 63133 |
| Telephone Number | (314) 726-1200 |
| E-mail Address | |

Defendant No. 2

| | |
|---|---|
| Name | City of Pagedale Sam J. Alton (MO BAR #48574) |
| Job or Title | Pagedale City Attorney |
| Street Address | 1420 Ferguson AVE |
| City and County | Pagedale, St. Louis County |
| State and Zip Code | MO 63133 |
| Telephone Number | (314) 726-1200 |
| E-mail Address | |

Defendant No. 3

| | |
|---|---|
| Name | City of Pagedale Eddie Simmons, JR. |
| Job or Title | Chief of Police |
| Street Address | 1420 Ferguson AVE |
| City and County | Pagedale, St. Louis County |
| State and Zip Code | MO 63133 |
| Telephone Number | (314) 726-1200 |
| E-mail Address | |

2

Defendant No. 4

    Name                      City of Pagedale Police Officer Brown Badge NO 1521
    Job or Title            Police Officer
    Street Address       1420 Ferguson AVE
    City and County      Pagedale, St. Louis County
    State and Zip Code   MO 63133
    Telephone Number  (314) 726-1200
    E-mail Address

Defendant No. 5

    Name                      City of Pagedale Police Officer Cull Badge NO 1541
    Job or Title            Police Officer
    Street Address       1420 Ferguson AVE
    City and County      Pagedale, St. Louis County
    State and Zip Code   MO 63133
    Telephone Number  (314) 726-1200
    E-mail Address

## II. Basis for Jurisdiction

### A. Federal question

1. Federal jurisdiction is proper pursuant to 28 U.S.C. §1331 because Plaintiff's claims arise under 42 U.S.S. §1981, §1983, §1988, and the United States Constitution.

2. Venue is proper in this Court because the incident and actions alleged in this Complaint occurred within the district and all defendants reside herein.

### B. Suit against the Federal Government, a federal official, or federal agency

List the federal officials or federal agencies involved, if any.

### C. Diversity of Citizenship

These are cases in which a citizen of one State sues a citizen of another State or nation, and the amount at stake is more than $75,000. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

1. The Plaintiff(s)

   The plaintiff, *(name)*_____, is a citizen of the State of *(name)* _____ .

2.     The Defendant(s)

If the defendant is an individual

    The defendant, *(name)* _____, is a citizen

    of the State of *(name)* _____ Or is a citizen

    of *(foreign nation)* _____.

If the defendant is a **corporation**

    The defendant, *(name)* _____.

    is incorporated under the laws of the State of *(name)*

    _____, and has its principal place of

    business in the State of *(name)* _____ Or

    is incorporated under the laws of the State of *(foreign nation)*

    _____, and has its principal place

    of business in *(name)* _____.

3.     The Amount in Controversy

The amount in controversy----the amount the plaintiff(s) claims the defendant(s) owes or the amount at stake----can only be fairly estimated by a court of law because fear, emotional trauma, and deprivation of use of property are subject to interpretation by a jury, legal professionals, and medical professionals.

### III. Statement of Claim

*Background Information*

4. I (Janet L. Austell) the plaintiff currently live at 1149 Orchard Lakes Drive in St. Louis County, MO, 63146. I purchased 1539 Faris Ave located in the municipality of Pagedale in St. Louis County, MO, 63133 for payment of back taxes in 2014; I took ownership of 1539 Faris Ave in 2015. I have used this property since 2015, obeying all local, state, and federal laws. I formerly owned 1540 Faris Ave and sold it in 2020.

5. Representatives of the City of Pagedale Missouri have threatened me, harassed me, and violated my civil rights. In 2020, the plaintiff and defendants in case CV-02596 SRC agreed to a settlement that the City of Pagedale employees and representative have violated. Exhibit A is a representation of the settlement in CV-02596. Multiple violations of my civil rights and harassing (threating and intimidation) activities by representative of the City of Pagedale have occurred before 2020 and subsequent to the settlement reached in 2020 (CV-02596 SRC); most recently in September 2022. See Exhibit B for a representation of the most recent threating pressure tactic. Representatives of the City of Pagedale previously used threats and intimidation on others and in a consent decree for the class action of Whitner et al v. City of Pagedale, 4:15-CV-01655 were ordered to stop such actions.

*Claim*

6. Beginning in July 2018, the City, Mayor Carter, Chief Simmons, and Officer Smith (a former City of Pagedale Police Officer) began to engage in a series of illegal conduct that has deprived me of my rights under the equal protection and due process clauses of the XIV amendment to the United States Constitution, and the Mo. Const. Art. I §§2, 10. This began with a telephone call from Chief Simmons to me, wherein Chief Simmons informed me that if my son or I parked a vehicle on 1539 Faris, the vehicles would be towed. Chief Simmons cited no legal authority or reason for this threat.

7. I also began the process of obtaining an occupancy permit for 1539 Faris in July 2018. First, she was told by the City Clerk that she had to appear in person to apply. When I

went to City Hall, I was told by the City Clerk that she could not issue an occupancy permit for a vacant lot, but would discuss it with Mayor Carter. A few days later, the City clerk telephone me to say that Mayor Carter had decided that an occupancy permit could not be issued for a vacant lot. This is contrary to the Pagedale ordinances (see Exhibit C), which do permit an occupancy permit for a lot.

8. Sometime shortly, after being told I could not receive an occupancy permit, Chief Simmons approached me while I was at 1540 Faris. Chief Simmons again stated that neither my son nor I could park vehicles at 1539 Faris.

9. The intentional harassment by the Defendants increased in earnest starting in September 2018, when Officer Smith wrote a municipal citation to me alleging that I failed to control the weeds and vegetation at 1539 Faris. The allegations were baseless and false, as the grass height on that day was less than three inches tall.

10. On January 6, 2019, Officer Smith wrote a municipal citation to me alleging a violation of the City's sign ordinance. The allegations were baseless and false, in that the only signs at 1539 Faris were a street number sign and four "No Trespassing" signs, both of which are exempt under the City's sign ordinance.

11. On January 15, 2019, a uniformed city police officer, which appeared to be Officer Smith, met two City Public Works employees in a City vehicle, at 1539 Faris. Officer Smith and the two City employees destroyed one (1) of the "No Trespassing" signs and damaged another. This was captured on surveillance camera. When I attempted to file a criminal complaint with the Pagedale Police, they refused to allow a complaint or a report.

12. On May 13, 2019, Officer Smith wrote a municipal citation to me alleging a violation for a non-hazardous violation – barrier made for signage. At this point, I contacted the City and demanded that the Defendants stop the harassment.

13. On May 30, 2019, Officer Smith again wrote a municipal citation to me alleging a violation of the City's sign ordinance. The allegations were baseless and false, in that the

only signs at 1539 Faris were a street number sign and four (4) "No Trespassing" signs, all of which are exempt under the City's sign ordinance.

14. On August 19, 2019, Officer Smith and two plainclothes city police officers wrote a municipal citation and placed it on my son's vehicle, which was parked at 1539 Faris. The allegations were baseless and false, in that the ordinance cited does not apply to residential property.

15. On August 22, 2019, Officer Smith called me and stated that my son's vehicle was illegally parked at 1539 Faris, and that "her superior officer wanted to have it towed." I stated that if Officer Smith or anyone else towed my son's vehicle, I would file a lawsuit. A short time later, a uniformed City police officer and a towing company towed my son's vehicle from 1539 Faris.

16. In November 2021, I received warning of violation (number 520.050) for removal of debris. I mailed a letter to Officer Conley, the Mayor of the City of Pagedale, and the City of Pagedale Chief of Police. In this letter I informed them that I have not violated any ordinances of the City of Pagedale in accordance to the consent decree for Whitner et al v. City of Pagedale, 4:15-CV-01655 and resulting repeal of all ordinances relating to vegetation in addition to repeal of other ordinances.

17. August 12, 2022, Officer Cull issued a warning for an abandon vehicle. I mailed letters to Officer Cull, the Mayor of the City of Pagedale, and the City of Pagedale Chief of Police on August 29, 2022. In this letter, I stated that the 1995 Honda Accord is a licensed vehicle in accordance with all Missouri laws, insured, and mechanically operational.

18. August 30, 2022, Officer Brown issued a warning for tall grass and vegetation on the fence line and vacant lot. I mailed letters to Officer Cull, the Mayor of the City of Pagedale, and the City of Pagedale Chief of Police on August 29, 2022. In this letter, I state that my property is well maintained, no such ordinance exists, and the 1995 Honda Accord is a licensed vehicle in accordance with all Missouri laws, insured, and mechanically

operational.

19. On August 30, 2022, Officer Brown wrote a warning violation for a derelict vehicle, which was mailed to me in the same enveloped (addressed to Janet and Alfred Austell) as the warning in paragraph 18.

20. On September 18, 2022, I received an email from Sam Alton representing the City of Pagedale, see Exhibit B. This email contains a threat to obtain an administrative warrant without stating ordinance that I have violated. When I replied to the email asking Mr. Alton for an ordinance number his next emails became dictatorial, which I perceived as insulting and threating. In Mr. Alton's email, he specifically mentions the neighbor at 1541 Faris Ave supporting; the fact that representatives of the City of Pagedale are functioning in a conspiratorial manner with this neighboring family.

### COUNT I – VIOLATIONS UNDER 42 U.S.C. §§1981, 1983 and 1988

21. I incorporates by reference paragraphs 1-20 above.

22. Pursuant to 42 U.S.C. § 1981:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. §1981.

23. The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985) quoting Plyler v. Doe, 457 U.S. 202, 216, 102 S.Ct. 2382, 2394, 72 L.Ed.2d 786 (1982).

24. Pursuant to 42 U.S.C. §1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or

usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. §1983.

25. "[I]n any §1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Parratt v. Taylor, 451 U.S. 527, 535 (1981) (overruled in part not relevant here, by Daniels v. Williams, 474 U.S. 327, 330–331 (1986)).

26. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West v. Atkins, 487 U.S. 42, 49, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). See Gentry v. City of Lee's Summit, Mo., 10 F.3d 1340, 1342 (8th Cir. 1993).

27. Representatives of the City of Pagedale, acting under color of state in their official capacities, have knowingly acted with deliberate, intentional and reckless disregard for the rights of Plaintiffs under the U. S. Constitution and 42 U.S.C. § 1981 by targeting Plaintiff for disparate and unequal treatment, including but not limited to: (1) refusing to issue an occupancy permit for 1539 Faris; (2) writing repeated citations for ordinances that did not apply or had been revoked; (3) writing repeated citations for ordinance violations based upon false statements; (4) failing to allow Plaintiff to enjoy the use of her properties at 1539 Faris; (5) damaging Plaintiff's property; and (6) restricting the Plaintiff's legal use of her property.

28. Plaintiff has been damaged and is entitled to recover compensatory and punitive damages, as well as attorneys' fees, expenses and costs pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff respectfully requests that this Court enter its final judgment and order of damages, in an amount to be determined at trial, including compensatory and punitive damages, awarding Plaintiff attorneys' fees, expenses and costs incurred herein, and for such other and further relief as this Court deems just and proper.

COUNT II – CONSPIRACY TO VIOLATE CIVIL RIGHTS UNDER 42 U.S.C. §1985

29. Plaintiff incorporates herein by reference paragraphs 1-28 above.

30. Federal law, 42. U.S.C. §1985, states:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. §1985.

31. Representatives of the City of Pagedale, acting under color of state in their official capacities, have knowingly acted, individually and in conspiracy with one another, with deliberate, intentional and reckless disregard for the rights of Plaintiff under the U.S. Constitution and 42 U.S.C. §1981 by targeting Plaintiff for disparate and unequal treatment, and by subjecting her to excessive harassment by law enforcement. Therefore, Plaintiff brings this action under 42 U.S.C. §1985.

32. Plaintiff has been damaged and is entitled to recover compensatory and punitive damages, as well as attorneys' fees, expenses and costs pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff respectfully requests that this Court enter its final judgment and order of damages, in an amount to be determined at trial, including compensatory and punitive damages, awarding Plaintiff her attorneys' fees, expenses and costs incurred herein, and for such other and further relief as this Court deems just and proper.

## COUNT III – DECLARATORY JUDGMENT

33. Plaintiff incorporates herein by reference paragraphs 1-32 above.

34. The Declaratory Judgment Act states: "In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201

35. Because Defendants refuse to allow Plaintiff and her invitees and guests to park at 1539 Faris, there exists an actual, substantial, and presently existing controversy admitting of specific relief as distinguished from an advisory or hypothetical situation as to the enforceability of the City's ordinances. Therefore, declaratory judgment is appropriate.

WHEREFORE, Plaintiff respectfully requests that this Court enter its final judgment and order declaring (i) the City has no authority to prevent or prohibit Plaintiff or her invitees and guests from lawfully parking their vehicles at 1539 Faris; (ii) for Plaintiff's attorneys' fees, expenses and costs incurred herein, and (iii) for such other and further relief as this Court deems just and proper.

IV.    **Relief**

I bring this suit to vindicate my fundamental civil rights, obtain compensatory, general, and punitive relief to ensure that my rights are not violated again, and obtain relief from illegal and intimidating actions by defendants.

I specifically requests:

1. For an issuance of preliminary and permanent injunctions restraining defendants from acting in furtherance of policies, practices, or customs that violate my rights under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution or that exceed the powers and authorities of the City of Pagedale and persons working under authorities of the City of Pagedale.
2. For an award of $1000.00 for actual damages to no trespassing signs.
3. For an award of damages in the amount of $8,657.00 for being deprived of legal use of my land (during extended periods) through intimidation.
4. Punitive damage (in an amount comparable with punitive damages in other similar civil cases) to deter the defendant from similar conduct in the future.

Do you claim the wrongs alleged in your complaint are continuing to occur now?

Yes ☒   No ☐

Do you claim actual damages for the acts alleged in your complaint?

Yes ☒   No ☐

Do you claim punitive monetary damages?

Yes ☒   No ☐

I value 1539 Faris at an actual cost of $$8,657.00, the price I paid for purchase of 1539 Faris Ave from St. Louis County Missouri for back taxes.

## V.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 21st day of September, 2022.

Signature of Plaintiff(s)  _[signature]_

**Complaint for a Civil Case**

Case No

Plaintiff requests trial by jury:
☒ Yes   ☐

23