UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANET L. AUSTELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:22-CV-01006-AGF |
| CITY OF PAGEDALE, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

The matter is before the Court on Pro Se Plaintiff Janet Austell's Motion for Issuance of Cease and Desist Order. (Doc. No. 24). For the reasons set forth below, Plaintiff's motion is denied.

## BACKGROUND

On September 23, 2022, Plaintiff filed a three-count Complaint in this Court alleging violations under 42 U.S.C. §§ 1981, 1983, and 1988; conspiracy to violate civil rights under 42 U.S.C. § 1985; violations of the Equal Protection Clause of the Fourteenth Amendment and for Declaratory Judgment. Doc. No. 1. Plaintiff is a resident of the City of Pagedale and occupies real property therein. Plaintiff alleges that representatives from the City of Pagedale have threatened her, harassed her, and violated her civil rights by issuing multiple municipal citations related to her property. Plaintiff alleges that these citations are not only false and baseless, but contrary to the municipal code and various court orders.

Defendants have filed a motions to dismiss the case for failure to state a claim and failure to comply with the federal pleading requirements.[1]  Doc. Nos. 20 and 22.  Plaintiff did not file any oppositions to Defendants' motions.  On February 13, 2023, Plaintiff filed this instant motion for the issuance of a cease and desist order, requesting that the Court stop the City of Pagedale for contacting her in any way for alleged violations of nuisance ordinances.  Doc. No. 24.

## LEGAL STANDARD

The Federal Rules of Civil procedure do not contemplate the issuance of a "cease and desist order," however, in construing the motion liberally, the Court will consider the motion as a request for a preliminary injunction.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

"A preliminary injunction is an extraordinary remedy, and the burden of establishing the propriety of an injunction is on the movant."  *Sleep No. Corp. v. Young*, 33 F.4th 1012, 1016 (8th Cir. 2022) (quoting *Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003)).  Courts consider four factors in determining whether to issue a preliminary injunction: (1) the threat of irreparable harm to the movant; (2) the balance between this harm and the injury that granting an injunction will inflict on other parties; (3) the movant's probability of success on the merits; and (4) the public interest.  *D.M. by Bao Xiong v. Minn. State High Sch. League*, 917 F.3d 994, 999 (8th Cir. 2019).  In the

---

[1]  Plaintiff's reply asks the Court to compel Defendants to answer, but in accordance with Federal Rule of Civil Procedure 12(b), Defendants have filed motions to dismiss in lieu of an answer.  Defendants will only be required to answer if the Court ultimately denies their motions to dismiss.

Eighth Circuit, these four factors are known as the "*Dataphase*" factors, based upon the 1981 en banc case, *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981).

In each case, the factors must be balanced to determine whether they tilt toward or away from granting injunctive relief. *West Pub. Co. v. Mead Data Cent., Inc.*, 799 F.2d 1219, 1222 (8th Cir. 1986). No single factor is dispositive; however the movant's probability of success is the most significant factor. *Young*, 33 F.4th at 1016. The party requesting injunctive relief bears the "complete burden" of proving that an injunction should be granted. *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987).

Injunctions against the enforcement of statutes and regulations require a movant to show that it is more likely than not that movant will prevail, as statutes and regulations are entitled to a higher degree of deference and should not be enjoined lightly. *Young*, 33 F.4th at 1016 (citing *Rodgers v. Bryant*, 942 F.3d 451, 455-56 (8th Cir. 2019)). Further, pursuant to 28 U.S.C. § 2283, the Anti-Injunction Act, a federal court is not permitted to issue and injunction staying proceedings in a state court, "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Absent extraordinary circumstances, federal courts should not enjoin pending state criminal prosecutions. *Younger v. Harris*, 401 U.S. 37, 45 (1971) ("[W]hen absolutely necessary for protection of constitutional rights, [district courts] have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable

loss is both great and immediate.") "Federal injunctions against state criminal statutes, either in their entirety or with respect to their separate and distinct prohibitions, are not to be granted as a matter of course, even if such statutes are unconstitutional." *Id.* at 46. In these circumstances, the movant must allege an irreparable injury that is "both great and immediate." Certain types of injuries, such as the "cost, anxiety, and inconvenience of having to defend against a single criminal prosecution," are not, by themselves, considered irreparable. *Id.*

## **DISCUSSION**

Plaintiff has not demonstrated any extraordinary circumstances that would allow this Court to enjoin the state court criminal proceedings. Crucially, Plaintiff has not demonstrated the requisite irreparable injury. In support of Plaintiff's argument that the City of Pagedale and its representatives are continuing to harass and violate her rights, Plaintiff cited a notice to appear in municipal court for a violation of a nuisance ordinance related to a dead tree. She also cited notices to appear issued to her husband and son, who critically, are not parties to this suit. Plaintiff cites to the inconvenience, cost, and stress these notices to appear cause, but this is not sufficient to demonstrate irreparable harm. *See Younger*, 401 U.S. at 36. Further, the City of Pagedale has an important state interest in enforcing its nuisance ordinances for the safety of its citizens. *See Young*, 33 F.4th at 1016 (acknowledging that the enforcement of statutes and regulations should not be enjoined lightly). Plaintiff has not challenged the constitutionality of the ordinance she is being cited with, nor has she provided any legal authority to support her argument that an

injunction should be issued. Lastly, Plaintiff has not demonstrated, or even argued, that she is likely to succeed on the merits. As such, Plaintiff has failed to meet her burden of proving that an injunction should be granted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for a cease and desist order is **DENIED**. (Doc. No. 24).

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 15th day of May, 2023.