UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JANET AUSTELL,             )
                               )
     Plaintiff,          )
                               )
     v.                 )        No. 4:22-CV-01006-AGF
                               )
CITY OF PAGEDALE, et al.,     )
                               )
                               )
     Defendants.     )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Eddie Simmons' motion to dismiss (Doc. No. 20) and Defendants City of Pagedale, Sam J. Alton, Officer Justin Cull, and Officer Brown's motion to dismiss (Doc. No. 22).  Pro Se Plaintiff Janet Austell filed this civil rights action on September 23, 2022, under 42 U.S.C. §§ 1981, 1983, and 1988; conspiracy to violate civil rights under 42 U.S.C. § 1985; violations of the Equal Protection Clause of the Fourteenth Amendment and for Declaratory Judgment.  Doc. No. 1.  All defendants seek dismissal of Plaintiff Janet Austell's complaint on the basis of res judicata, failure to state a claim under Fed. R. Civ. P. 12(b)(6), and failure to comply with Fed. R. Civ. P. 8(a)(2) and 8(d)(1).  For the reasons set forth below, the motions will be granted.

## BACKGROUND

Pro Se Plaintiff Janet Austell is a landowner in the City of Pagedale.  In 2014, Plaintiff purchased a vacant located at 1539 Faris Avenue and took ownership of the lot

in 2015.  Plaintiff also owned the adjacent lot at 1540 Faris Avenue until she sold it in
2020.  Plaintiff alleges that representatives from the City of Pagedale have threatened her,
harassed her, and violated her civil rights by issuing multiple municipal citations and
warnings related to her property.  Plaintiff alleges that these citations are not only false
and baseless, but contrary to the municipal code and various court orders.

Plaintiff's allegations are best separated into two parts.  First, are Plaintiff's
allegations regarding violations that took place in 2018 and 2019 ("2018/2019
incidents").  The 2018/2019 incidents primarily involved the repeated warnings and
citations Plaintiff received regarding parking her, or her son's, car on the vacant lot as
well as citations regarding weed and vegetation control and sign ordinances.  These same
allegations were asserted in a prior case brought by Plaintiff against the City of Pagedale,
Eddie Simmons Jr., Sam J. Alton, and others in 2019.  *See Austell v. City of Pagedale, et
al.*, Case No. 4:19-cv-02596-SRC ("*Austell I*").

The second set of allegations concern violations that took place in 2021 and 2022.
("2021/2022 incidents").  These allegations involve warnings issued to Plaintiff by the
City of Pagedale and its representatives regarding debris, abandon vehicles, and
vegetation on Plaintiff's property.

**Prior Lawsuit**

On September 18, 2019, Plaintiff filed a complaint in *Austell I*, against the City of
Pagedale, Eddie Simmons, Jr., Mayor Mary Louise Carter, Sam J. Alton, Jane Doe
Smith, Fran Stevens, and All American Towing.  *Austell I,* Doc. No. 1.  She amended her
complaint on November 19, 2019 (*Austell I*, Doc. No. 24), and again on February 23,

2

2020.  *Austell I*, Doc. No. 44.  The Court ultimately dismissed the claims against All American Towing, and Plaintiff voluntarily dismissed the claims against Mayor Carter, Eddie Simmons, Sam J. Alton, Jane Doe Smith, and Fran Stevens.  *See Austell I*, Doc. Nos. 37, 44, 58.  Plaintiff was appointed limited-scope counsel to assist her in drafting her second amended complaint (*Austell I,* Doc. No. 44) and to represent her at mediation.  *Austell I,* Doc. No. 40.  The parties reached a settlement agreement at mediation.  *Austell I*, Doc. No. 62; Doc. No. 1-1.  On May 3, 2020, pursuant to the settlement agreement, Plaintiff voluntarily dismissed all parties and claims with prejudice.  *Austell I*, Doc. No. 67-68.

Plaintiff is now attempting to reallege the same claims asserted in *Austell I* with respect to the 2018/2019 incidents.  The factual allegations in paragraphs 6 through 15 of the current complaint are nearly identical to paragraphs 11 through 20 of the second amended complaint in *Austell I*.  Likewise, aside from changing the name of the parties and other minor changes, Count I in the current complaint—Violations Under §§ 1981, 1983, and 1988—is identical to Count I of the *Austell I* complaint; Count II—Conspiracy to Violate Civil Rights Under 42 U.S.C. § 1983—is identical to Count III of the *Austell I* complaint; and Count III—Declaratory Judgment—is identical to Count IV of the *Austell I* complaint.  *Compare*  Doc. No. 1 ¶¶ 21-35 *with Austell I*, Doc. No. 44 ¶¶ 21-28, 38-45.

**New Allegations**

The present lawsuit names two new defendants, Officer Justin Cull and Officer Brown,[1] and contains new factual allegations regarding incidents occurring in 2021/2022. Plaintiff alleges the following four events occurred.  (1) In November 2021, Plaintiff received a warning of violation of the City of Pagedale's municipal code 520.050 for failure to remove debris on her property.  In response to the warning, she mailed letters tOfficer Conley, the Mayor of the City of Pagedale, and the City of Pagedale Chief of Police,[2] informing them that she had not violated the ordinances in accordance with the consent decree for *Whitner et al. v. City of Pagedale*, 4:15-CV-01655 and resulting repeal of all ordinances relating to vegetation.  (2) On August 12, 2022, Officer Cull issued a warning for an abandoned vehicle.  In response Plaintiff mailed letters to Officer Cull, the Mayor, and the Chief of Police on August 29, 2022.  In the letter, Plaintiff explained that the 1995 Honda Accord is a licensed vehicle in accordance with all Missouri laws, insured, and mechanically operational.  (3) On August 30, 2022, Officer Brown issued a warning for tall grass and vegetation on the fence line and vacant lot and a warning for a derelict vehicle.  Plaintiff again mailed letters to Officer Cull,[3] the Mayor, and the Chief

---

[1]      Officer Brown's first name is not included in the complaint or elsewhere on the present record.

[2]      Officer Conley and the Mayor are not named Defendants in this action.  Plaintiff does not specifically name Eddie Simmons Jr. as the chief of police, but it is assumed for the purposes of this motion the letter was sent to Eddie Simmons Jr.

[3]      Plaintiff's complaint states that she mailed the letter to Officer Cull despite the warning being issued by Officer Brown.  Even assuming she actually sent the letter to Officer Brown, it does not change the Court's analysis on this motion.

of Police explaining that her property is well maintained, no such ordinance exists, and the 1995 Honda Accord is a licensed vehicle in accordance with all Missouri laws, insured, and mechanically operational.  (4) On September 18, 2022, she received an email from Sam Alton, an attorney representing the City of Pagedale, which contained a threat to obtain an administrative warrant to remove a derelict vehicle on her property. Plaintiff alleges that Alton would not tell her which ordinances she violated and his responses were threatening and dictatorial.  She also alleges that Alton's mention of the neighbors at 1541 Faris Avenue support the fact that the City of Pagedale is conspiring with the neighboring family.[4]

## <u>ARGUMENT OF PARTIES</u>

### Defendants' Motions to Dismiss

Defendants argue that Plaintiff's claims regarding the 2018/2019 incidents are barred by the doctrine of Res Judicata because they arise from the same nucleus of operative facts and consist of the same claims that were settled and dismissed with prejudice in *Austell I*.[5]  Defendants further argue that Defendants Simmons, Alton, Cull and Brown are redundant defendants because they have all been named in their official capacity and their employer, the City of Pagedale, has also been named, therefore the suit against these government officials "should be dismissed as redundant if the employing

---

[4]    A copy of the email correspondence with Sam Alton was attached to the complaint (Doc. No. 1-2), but the other warning letters and her responses were not attached.

[5]    Defendant Eddie Simmons Jr. filed a separate motion to dismiss from Defendants City of Pagedale, Officer Cull and Officer Brown, but many of their arguments overlap. Arguments specific to certain Defendants will be discussed separately, as warranted.

entity is also named." *King v. City of Crestwood*, 899 F.3d 643, 650 (8th Cir. 2018).

In the event Defendant Simmons, Alton, Cull, and Brown are not dismissed as redundant, they argue that they are entitled to qualified immunity and Plaintiff has failed to state a claim that survives this heightened standard.

Lastly, all Defendants argue that Plaintiff has failed to state a claim for which relief can be granted. Specifically, Plaintiff has failed to allege any constitutional injury caused by a government policy or custom and with respect to her conspiracy claim, Plaintiff has failed to allege with sufficient specificity that a "meeting of the minds" occurred.

### Plaintiff's Oppositions

Plaintiff's oppositions to the motions to dismiss are untimely. Defendants' motions were filed on January 23, 2023, as such, Plaintiff had until February 6, 2023, to file her oppositions. E.D. Mo. Local Rule 4.01(B). Plaintiff did not seek leave of court to file her opposition out of time, however, on March 27, 2023, Plaintiff filed a "Memorandum in Support of Proceeding with Complaint and Affadavit in Support." Doc. No. 28. Then, on June 14, 2023, and June 26, 2023, Plaintiff filed two additional oppositions to Defendants' motions to dismiss. Doc. Nos. 31-32. Defendants timely filed their replies. Doc. Nos. 33-34. Thereafter, without leave of Court, Plaintiff filed two surreplies. Doc. Nos. 35-36. The Court recognizes that Plaintiff is a pro se litigant, however, pro se litigants are not excused from compliance with substantive and procedural law. *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986); *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, *pro se*

representation does not excuse a party from complying with a court's order and with the Federal Rules of Civil Procedure.")  Nevertheless, the Court will consider Plaintiff's filings for the purpose of this order.[6]

Plaintiff argues that her claims are not barred by res judicata because under *Lawlor v. National Screen Service, Corp.*, 349 U.S. 322 (1955), a suit is not barred even if it involves the same course of wrongful conduct as previously alleged, so long as the suit alleges new facts or a worsening of the earlier conditions, which she claims she has alleged here.

Plaintiff further argues that Defendant Simmons should not be dismissed as redundant, nor should her claims against him be dismissed under Rule 12(b)(6).  In support of this argument, Plaintiff cites to two criminal statutes, 18 U.S.C. §§ 241-242, which, while analogous to her civil allegations, do not provide authority to retain her claims against Defendant Simmons, in his official capacity, in this civil action.

Plaintiff's oppositions do not otherwise address the issues raised in Defendants' motions to dismiss, rather Plaintiff asserts a number of new allegations.  The new claims include the City's removal of a car from her property, additional warnings and citations from the City and its officers, claims regarding undue stress and fear for her welfare, and a claim regarding the City's attempts to hide contempt of court with respect to Ordinance No. 500.010.  Plaintiff also alleges that Defendants have breached the settlement

---

[6] The Court cautions Plaintiff that any future filings must be timely and must comply with the Federal and Local rules, otherwise they will not be considered by this Court.

agreement in *Austell I* and the consent decree entered in *Whitner v. City of Pagedale*, 4:15-CV-01655-RWS.  She argues that despite settlement, Defendants continue to use the same patterns and practices of harassment and threats.

Plaintiff may not bring new claims against Defendants or add Defendants in an opposition to a motion to dismiss.  "[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (quotation omitted).  "When considering a motion to dismiss, the Court looks only to the factual allegations in the complaint.  Any allegations made in subsequent legal memoranda cannot correct inadequacies within a complaint." *Tuttle v. Lorillard Tobacco Co.*, 118 F. Supp. 2d. 954, 959 (D. Minn. 2000).  "To hold otherwise would mean that a party could unilaterally amend a complaint at will." *Morgan Distrib. Co.*, 868 F.2d at 995 (citation omitted).  As such, the Court will not consider the new allegations raised in Plaintiff's oppositions.

## DISCUSSION

The purpose of a motion to dismiss is to test the legal sufficiency of the complaint. In reviewing a motion to dismiss, the Court may consider materials that are necessarily embraced by the complaint, as well as any exhibits attached to the complaint. *Mattes v. ABC Plastics, Inc.,* 323 F.3d 695,697 n.4 (8th Cir. 2003).  In addition, the Court may properly consider public records, including court records, on a motion to dismiss. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

The Court construes pro se complaints liberally, *see Estelle v. Gamble*, 429 U.S. 97,106 (1976), but a plaintiff "still must alleged sufficient facts to support the claims

advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).  The Court "'will not

supply additional facts, nor will [the Court] construct a legal theory for plaintiff that

assumes facts that have not been pleaded.'"  *Id.* (quoting *Dunn v. White*, 880 F.2d 1188,

1197 (10th Cir. 1989)).

## Res Judicata

"Claim preclusion, or res judicata, bars relitigation of the same claim between

parties or their privies where a final judgment has been rendered upon the merits by a

court of competent jurisdiction."  *Wong v. Minn. Dep't of Hum. Servs.*, 820 F.3d 922, 933

(8th Cir. 2016) (quoting *Plough v. W. Des Moines Cmty. Sch. Dist.*, 70 F.3d 512, 517 (8th

Cir. 1995) (internal quotations and citations omitted).  Res judicata applies when "(1) the

first suit resulted in a final judgment on the merits; (2) the first suit was based upon

proper jurisdiction; (3) both suits involve the same parties (or those in privity with them);

and (4) both suits are based upon the same claims or causes of action."  *Elbert v. Carter*,

903 F.3d 779, 782 (8th Cir. 2018) (quoting *Costner v. URS Consultants, Inc.*, 153 F.3d

667, 673 (8th Cir. 1998)).  Two claims are the same for res judicata purposes when "the

claims arise out of the same nucleus of operative fact or are based on the same factual

predicate."  *Elbert*, 903 F.3d at 782 (citing *Murphy v. Jones*, 877 F.2d 682, 684-85 (8th

Cir. 1989).

"When the parties to a previous lawsuit agree to dismiss a claim with prejudice,

such a dismissal constitutes a 'final judgement on the merits' for purposes of res

judicata."  *Larken, Inc. v. Wray*, 189 F.3d 729, 732 (8th Cir. 1999) (citations omitted).

"Nevertheless, the question of whether the parties actually agreed to dismiss a particular

claim depends upon the proper interpretation of their settlement agreement—a legal inquiry governed by the parties' intent at the time of settlement." *Id.* (citation omitted). In this regard, the Court notes that while Plaintiff proceeds pro se in this action, she was represented by limited scope counsel in connection with the mediation and settlement of *Austell I*.

Here, the parties' settlement agreement in *Austell I*, specifically addresses this issue.

> 3.    Upon such payment being received by Plaintiff or Plaintiff's counsel, the referenced litigation and all claim(s) associated with it shall be dismissed immediately by Plaintiff, **with prejudice**, as to all parties, including those who had been dismissed [with]out prejudice as well as the Remaining Defendant, the City of Pagedale, Missouri, with each party to bear their own fees, costs, and expenses.

*Austell I* Settlement Agreement, Doc. No. 1-1, at ¶ 3 (emphasis added).  As such, the claims in *Austell I* regarding the 2018/2019 incidents against Eddie Simmons Jr., Sam Alton, and the City of Pagedale were dismissed with prejudice upon agreement of the parties, and as such constituted a final decision on the merits for the purposes of res judicata.  Here, Plaintiff's sets forth the exact same claims regarding the 2018/2019 incidents, almost verbatim, as she did in *Austell I*.  Accordingly, Plaintiff's claims in this matter against Eddie Simmons Jr., Sam Alton, and the City of Pagedale with respect to the 2018/2019 incidents are barred.

Res judicata may also apply to Officer Cull and Officer Brown even though they were not parties to the initial lawsuit.  The doctrine of res judicata applies not only to the parties named in the prior lawsuit, but also to those in privity to them.  "The term

10

'privity' once referred to specific substantive legal relationships, but is has 'come to be used more broadly, as a way to express the conclusion that nonparty preclusion is appropriate on any ground.'" *Elbert*, 903 F.3d at 782 (quoting *Taylor v. Sturgell*, 553 U.S. 880, 894 n.8 (2008)).  In other words, "'privity' is 'merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata." *Elbert*, 903 F.3d at 782 (quoting *Bruszewski v. United States*, 181 F.2d 419,423 (3d Cir. 1950) (concurring opinion)).  To determine whether a new party is in privity to a party named in the prior lawsuit for the sake of claim preclusion, a relevant inquiry is whether the plaintiff could have brought these claims against the new parties in the first action.  *See Elbert*, 903 F.3d at 782-84.

"Litigation involving the government is generally binding with respect to government officials who are sued in their official capacities in later actions." *Headley v. Bacon*, 828 F.2d 1272, 1279 (8th Cir. 1987); *see Elbert*, 903 F.3d at 779-84 (finding that new police officer defendants were in privity with police officers who were defendants in previous action.")  "By contrast, a judgment against a government does not bind its officials sued in their personal capacities." *Headley*, 828 F.2d at 1279 (citing *Beard v. O'Neal*, 728 F.2d 894, 896-97 (7th Cir. 1984)).

It also appears that the parties contemplated this issue in their settlement agreement.

> 6.      Plaintiff Janet Austell, including all who might claim by or through Plaintiff (including but not limited to her tenant[s] on Faris Avenue) hereby RELEASES the City of Pagedale, Missouri, and all its divisions, agencies, boards, employees, elected or unelected officials, officers, trustees, insurers, employees and representatives — including, but not limited to the

11

individually named Defendants, Mayor Mary Louise Carter, Chief Eddie Simmons, and Officer Jane Doe Smith — from and for any and all claims, past or present, known or unknown, that have been brought, or could have been brought, as of the date of Plaintiff's execution of this Settlement & Release.  This Release is intended to be as broad and all-encompassing as legally permissible so as to finally and fully release and resolve any and all claims Plaintiff has or might have against the released parties or any of them.

Doc. No. 1-1, at ¶ 6.  As an initial matter, it is not clear from the complaint whether Plaintiff even intends for the 2018/2019 claims to include Officer Brown and Officer Cull.  The officers are not mentioned by name in any of the 2018/2019 claims, and are only named in incidents occurring in 2022.  Further, Plaintiff only sues Officer Brown and Officer Cull in their official capacities.  In light of these considerations, and the fact that the settlement agreement released all officers of the City of Pagedale from "any and all claims past or present, known or unknown, that have been brought, or could have been brought, as of the date of Plaintiff's execution of this Settlement and Release [April 1, 2020]," *id.,* the Court finds that Officer Brown and Officer Cull are in privity to the City of Pagedale, a formerly named Defendant, for the purposes of res judicata.  As such, to the extent Plaintiff is attempting to bring claims against Officer Brown and Officer Cull related to the 2018/2019 incidents, the claims are barred.

To the extent Plaintiff argues in her opposition that Defendants have violated the *Austell I* settlement agreement, the proper remedy is a breach of contract claim, not a re-litigation of the same claims.

**Redundant Defendants**

"A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental agency."  *Veach v. Bartels*

*Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (citation omitted).  As such, "a suit against a government official only in his official capacity should be dismissed as redundant if the employing entity is also named."  *King v. City of Crestwood, Mo.*, 899 F.3d 643, 650 (8th Cir. 2018).  "'[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is only sued in his or her official capacity.'"  *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018) (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)).

Nowhere in Plaintiff's complaint does she expressly and unambiguously state that Eddie Simmons, Jr, Sam Alton, Officer Brown or Officer Cull, are sued in their individual capacities.[7]  In fact, in both Count I and Count II, Plaintiff specifically alleges that "[r]representatives of the City of Pagedale" acted "under color of state in their **official capacities**…"  Doc. No. 1, at ¶¶ 27, 31 (emphasis added).  As such, the Court finds that Eddie Simmons, Jr., Sam Alton, Officer Brown and Officer Cull were sued only in their official capacities.  Given that the City of Pagedale, their employing entity, was also named in the suit, Simmons, Alton, Brown and Cull are dismissed as redundant parties.

---

[7]     Even though the Court has found that Plaintiff's 2018/2019 claims are barred under res judicata, this analysis applies to all claims against Defendants Simmons, Alton, Brown, and Cull.

**Failure to State a Claim**

"To survive a 12(b)(6) motion to dismiss, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *McShane Constr. Co., LLC v. Gotham Ins. Co.*, 867 F.3d 923, 927 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party.  *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017).  But "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level."  *Id.* (internal quotations and citations omitted).  While a complaint does not require detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Huang v. Gateway Hotel Holdings*, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

In light of the Court's decision above, dismissing Simmons, Alton, Brown, and Cull as redundant defendants, and dismissing Plaintiff's 2018/2019 claims, the only remaining claims are the 2021/2022 claims against the City of Pagedale.[8]

---

[8]    Accordingly, the Court will not determine the qualified immunity and 12(b)(6) arguments set forth by Defendants Simmons, Alton, Brown, and Cull, nor any 12(b)(6) arguments related to the 2018/2019 claims.

**COUNT I – Violations of 42 U.S.C. § 1981, 1983, and 1988.**

§ 1981 Claim

Plaintiff alleges that defendants violated 42 U.S.C. § 1981 by targeting Plaintiff for disparate and unequal treatment, including but not limited to (1) refusing to issue an occupancy permit for 1539 Faris;[9] (2) writing repeated citations for ordinances that did not apply or had been revoked; (3) writing repeated citations based upon false statements; (4) failing to allow Plaintiff to enjoy the use of her properties at 1539 Faris; (5) damaging Plaintiff's property;[10] and (6) restricting Plaintiff's legal use of her property.

42 U.S.C. § 1981 states the following:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

To establish a prima facie case under § 1981, a plaintiff must show: "(1) membership in a protected class; (2) the intent to discriminate on the basis of race on the part of the defendant; and (3) discrimination interfering with a protected activity (i.e., the making and enforcement of contracts)." *Daniels v. Dillard's Inc.*, 373 F.3d 885, 887 (8th Cir. 2004). Typically, § 1981 claims are brought in the employment context, but some

---

[9]     This specific claim involves a 2018/2019 incident, and as discussed above, is barred by res judicata.

[10]     This claim appears to only be relating to claims from 2018/2019, as the 2021/2022 claims do not contain any claims of property damage. To the extent this claim is related only to the 2018/2019 incidents, it is barred by res judicata.

15

courts have recognized § 1981 claims for police misconduct, *see Giron v. City of Alexander*, 693 F. Supp. 2d 904, 943-44 (E.D. Ark. 2010), while others have found that when no contracts are at issue, § 1981 does not apply.  *See Buchanan v. Kelly*, 592 Fed. App'x. 503, 507-08 (7th Cir. 2014) (finding § 1981 claims did not apply to plaintiff's claim that his police detention was racially motivated because there were no contracts at issue in the case.)

Even if the Court were to find § 1981 applied to Plaintiff's claims, Plaintiff has failed to allege that she is a member of a protected class and that defendants had an intent to discriminate on the basis of Plaintiff's race.  As such, Plaintiff has failed to state a claim under § 1981.

### § 1983 Claim

As previously discussed, the only remaining claims at this juncture are against the City of Pagedale.  In order for a municipality, such as the City of Pagedale, to be held liable for a § 1983 violation, the plaintiff must allege that the municipality has committed a constitutional violation through " a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  *Monell v. Dept. of Soc. Servs. of the City of New York*, 436 U.S. 658, 690 (1978).  Typically, a municipality cannot be held liable for the unconstitutional acts of its employees under the theory of respondeat superior because "[r]espondeat superior does not apply under [§] 1983 because municipal liability is limited to conduct for which the municipality is itself actually responsible."  *McGautha v. Jackson County, Mo., Collections Dept.*, 36 F.3d 53, 56 (8th Cir. 1994) (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 736 (1989)).

Municipal liability may arise from a single act of an employee, when that employee is a policy maker with "final authority to establish municipal policy with respect to the action ordered." *Pembauer v. City of Cincinnati*, 475 U.S. 469, 481 (1986) (plurality opinion). "[A] 'policy' is an official policy, a deliberate choice of a guiding principle or procedure made by the municipal officer who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999) (citation omitted).

Here, Plaintiff has failed to identify any policy adopted by the City of Pagedale that has resulted in a violation of her constitutional rights, nor has she alleged that the ordinances which she has cited for violating are themselves unconstitutional.  Plaintiff criticizes certain ordinances as repealed or inapplicable to her conduct in her § 1981[11] claims, but does not allege that the ordinances themselves are unconstitional, and the Court will not construe such an argument on her behalf.

Plaintiff has failed to allege that (1) there is a policy or custom adopted by the City of Pagedale that instructs its officers to issue meritless warnings/citations in order to intimidate and harass Plaintiff such that her constitutional rights have been violated, or (2) the ordinances themselves are unconstitutional.  As such, Plaintiff has failed to state a claim against the City of Pagedale under § 1983.

_____

[11]     Count I of Plaintiff's complaint sets out the language of § 1983, and the § 1983 standard with respect to individuals acting under color of state law, but only claims that the actions of the defendants ("Representatives of the City of Pagedale") have violated her rights under the "U.S. Constitution and 42 U.S.C. § 1981."  However, even if the Court were to construe this as a § 1983 claim against the City of Pagedale, Plaintiff has failed to adequately plead municipal liability under § 1983.

§ 1988 Claims

Plaintiff claims that under 42 U.S.C. § 1988, she is entitled to costs and attorneys' fees.  As an initial matter, pro se litigants are not entitled to attorney fees under § 1988. *See Kay v. Ehrler*, 499 U.S. 432, 435 (1991); *Davis v. Parratt*, 608 F.2d 717, 718 (8th Cir. 1979) (determining that a pro se litigant is not entitled to attorneys' fees under 42 U.S.C. § 1988); *Enloe v. Smith*, No. 2:22-cv-00019-SEP, 2022 WL 1802155, at *5 (E.D. Mo. June 2, 2022) (same).  Further, the Court is dismissing Plaintiff's claims under §§ 1981 and 1983 and, as discussed below, is also dismissing Plaintiff's claim under § 1985,[12] as such there is no basis for any claim under § 1988.  Any future amended complaint shall not contain a claim for § 1988 unless Plaintiff is represented by counsel.

**COUNT II – Conspiracy to Violate Civil Rights under 42 U.S.C. § 1985**

42 U.S.C. § 1985 "provides a cause of action for damages sustained as a result of conspiracies to obstruct justice … as well as conspiracies to deprive individuals of equal privileges and immunities and equal protection under the law."  *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1077 (8th Cir. 2016).  In Count II, Plaintiff alleges that,

> Representatives of the City of Pagedale, acting under color of state in their official capacities, have knowingly acted, individually and in conspiracy with one another, with deliberate, intentional and reckless disregard for the rights of Plaintiff under the U.S. Constitution and 42 U.S.C. § 1981 by targeting Plaintiff for disparate and unequal treatment, and by subjecting her to excessive harassment by law enforcement.

Doc. No. 1, ¶ 31.  Defendants argue that Plaintiff has failed to allege with sufficient

---

[12]   Plaintiff also seeks attorneys' fees under § 1988 in Count II.  For the same reasons, such claims are dismissed.

particularity and material facts that there was a "meeting of the minds" with respect to the alleged conspiracy.

"In order to state a claim for conspiracy under § 1985, a plaintiff 'must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." *Kelly*, 813 F.3d at 1077-78 (citing *City of Omaha Emps. Betterment Ass'n v. City of Omaha*, 883 F.2d 650, 652 (8th Cir. 1989)). "This standard requires that 'allegations of a conspiracy [be] pleaded with sufficient specificity and factual support to suggest a meeting of the minds directed toward an unconstitutional action.'" *Kelly*, 813 F.3d at 1078 (citing *Nelson v. City of McGehee*, 876 F.2d 56, 59 (8th Cir. 1989)).

With respect to Plaintiff's claims regarding a conspiracy among the City of Pagedale's representatives, Plaintiff has failed to allege any facts showing that a meeting of the minds occurred.  To be clear, the only issues that remain in this complaint are the November 2021 warning regarding debris; the August 12, 2022 warning issued by Officer Cull for the abandoned vehicle; the August 30, 2022 warnings issued by Officer Brown regarding overgrown vegetation and a derelict vehicle; and the September 18, 2022 email warning from Sam Alton regarding the derelict vehicle.  *See* Doc. No. 1, ¶ 16-20.  Plaintiff fails to allege any facts that show the alleged harassment by these defendants arose from an agreement or meeting of the minds between them.  In fact, Plaintiff does not allege that there were any communications between Officer Brown, Officer Cull and Sam Alton regarding these warnings.  There is simply not enough specificity and factual support in Plaintiff's complaint to suggest that there was a meeting of the minds directed toward an unconstitutional action.

19

Furthermore, even if the Court were to infer from the facts alleged that there was an agreement, the intracorporate conspiracy doctrine precludes Plaintiff's conspiracy claim against the named defendants.  By its nature, a conspiracy involves multiple parties, but the intracorporate conspiracy doctrine provides that "a local government entity cannot conspire with itself through its agents acting within the scope of their employment."  *L.L. Nelson Enters., Inc. v. Cnty. Of St. Louis, Mo.*, 673 F.3d 799, 812 (8th Cir. 2012).  "Government agents can act within the scope of their employment duties 'even though [a] complaint alleges improprieties in the execution of these duties.'"  *Kelly*, 813 F.3d at 1078 (quoting *L.L. Nelson*, 673 F.3d at 812).  Plaintiff does not allege that the City's employees took or threatened to take any action other than issuing warnings for supposed violations of the City's ordinances.  Because the City of Pagedale could not conspire with itself "through its agents acting within the scope of their employment," Plaintiff fails to allege a conspiracy under § 1985.  *See Kelly*, 813 F.3d at 1078-79 (finding that plaintiff's § 1985 claim that a city and its officers conspired to violate her civil rights by threatening to penalize plaintiff for supposed violations of the city's housing code failed to sufficiently allege a meeting of the minds and also failed under the intracorporate conspiracy doctrine).

Elsewhere in Plaintiff's complaint, Plaintiff alludes to a conspiracy between the City of Pagedale and her neighbors at 1541 Faris Ave.

> In Mr. Alton's email, he specifically mentions the neighbor at 1541 Faris Ave supporting the fact that representatives of the City of Pagedale are functioning in a conspiratorial manner with this neighboring family.

Doc. No. 1, at ¶ 20.  Plaintiff attached the email correspondence as an exhibit to her complaint.  Doc. No. 1-2.  The email from Defendant Alton merely states that the City had received numerous complaints from the neighbors at 1541 Faris regarding Plaintiff's derelict vehicle.  To the extent Plaintiff alleges that City's representatives were engaged in a conspiracy with her neighbors, she again has failed to allege with sufficient particularity and material facts that defendants and her neighbors reached an agreement to deprive Plaintiff of equal privileges and immunities and equal protection under the law.

In light of these considerations, Count II is dismissed.

## COUNT III – Declaratory Judgment

In Count III,  Plaintiff requests that the Court enter its final judgment and order declaring (i) the City has no authority to prevent or prohibit Plaintiff or her invitees and guests from lawfully parking their vehicles at 1539 Faris; (ii) for Plaintiff's attorneys' fees, expenses and costs incurred therein,[13] and (iii) for such other and further relief as the Court deems just and proper.

"A declaratory judgment is itself a remedy, not a cause of action."  *Salau v. Denton*, 139 F. Supp. 3d 989, 1012 (W.D. Mo. 2015) (citation omitted); *see Mitchell v. Dakota Cnty. Soc. Servs.*, 959 F.3d 887, 903 (8th Cir. 2020) ("Because [plaintiffs] have not established an underlying cause of action, there is no basis on which to award declaratory relief.").  The Declaratory Judgment Act does not provide an independent means for standing or relief.  *See Carson v. Pierce*, 719 F.2d 931, 933 (8th Cir. 1983)

---

[13]     As discussed above, because Plaintiff is proceeding pro se, she is not entitled to attorney's fees.

(stating that the Declaratory Judgment Act requires a controversy appropriate for judicial determination, just like Article III standing.)  Given that Plaintiff has failed to establish an underlying cause of action, there is no basis on which this Court can award declaratory relief.  As such, Count III is dismissed.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Eddie Simmons' motion is dismiss (Doc. No. 20) and Defendants City of Pagedale, Sam Alton, Officer Brown and Officer Cull's motion to dismiss (Doc. No. 22) are **GRANTED** as set forth above.

**IT IS FURTHER ORDERED** that Plaintiff's claims regarding the 2018/2019 incidents are barred by res judicata and **DISMISSED with prejudice**; Plaintiff's remaining claims are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff shall have **30 days** from the date of this order to seek leave to file an amended complaint.  Plaintiff shall provide a motion explaining how the amended complaint remedies the deficiencies set forth in this order and shall, in accordance with Local Rule 4.07, provide a proposed amended complaint attached to the motion.

**IT IS FURTHER ORDERED** that if Plaintiff fails to seek leave to amend as prescribed above within 30 days of this order, this case will be closed.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 31st day of July, 2023.

22