UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANET L. AUSTELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-CV-01006-AGF |
| ) | |
| CITY OF PAGEDALE, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Pro Se Plaintiff Janet Austell's motion for leave to file an amended complaint. Doc. No. 38. Defendant City of Pagedale (the "City") has opposed Plaintiff's motion on the basis that Plaintiff has failed to remedy the issues with her complaint and amendment is futile because the proposed amended complaint fails to state a claim. For the reasons set forth below, Plaintiff's motion will be granted in part and denied in part.

## BACKGROUND

**Prior Complaint**

Plaintiff initially filed a complaint on September 23, 2022, alleging violations under 42 U.S.C. §§ 1981, 1983, and 1988; conspiracy to violate civil rights under 42 U.S.C. § 1985; violations of the Equal Protection Clause of the Fourteenth Amendment; and asserting a claim for Declaratory Judgment. Doc. No. 1. Plaintiff alleged that the City of Pagedale, and a number of its employees—Eddie Simmons, Sam J. Alton, Officer

Justin Cull, and Officer Brown—violated her civil rights and conspired to violate her civil rights by issuing a number of improper warnings and citations against her property located at 1539 Farris Avenue.[1] In response, Defendants filed motions to dismiss the complaint on the basis of res judicata, failure to state a claim under Fed. R. Civ. P. 12(b)(6), and failure to comply with Fed. R. Civ. P. 8(a)(2) and 8(d)(1). Doc. Nos. 20, 22.

On July 31, 2023, the Court dismissed Plaintiff's complaint. Doc. No. 37. Specifically, the Court found that Plaintiff's allegations regarding the alleged incidents that occurred in 2018 and 2019 were barred by res judicata because they were previously litigated in *Austell v. City of Pagedale, et al.*, Case No. 4:19-cv-02596-SRC. Such claims were dismissed with prejudice. The Court further found that the claims against Eddie Simmons, Sam Alton, Officer Brown, and Officer Cull were redundant of the claims against the City because the individuals were only sued in their official capacities. Additionally, the Court held that Plaintiff had failed to state a claim under (1) 42 U.S.C. § 1981 because she failed to allege her membership in a protected class and Defendants' intent to discriminate on the basis of Plaintiff's race; (2) 42 U.S.C. § 1983 because she failed to allege that there is a policy or custom adopted by the City regarding the issuance of meritless warnings/citations or that the ordinances themselves are unconstitutional; (3) 42 U.S.C. § 1985 because Plaintiff failed to allege any facts to suggest a "meeting of the minds" in her conspiracy claim; and (4) 42 U.S.C. § 1988 because pro se litigants are not

---

[1] A detailed summary of Plaintiff's allegations in her original complaint can be found in the Court's previous order issued on July 31, 2023. Doc. No. 37.

entitled to attorney fees and because all of her substantive claims had been dismissed. Lastly, the Court dismissed Plaintiff's claim for declaratory judgment because a declaratory judgment cannot be a standalone cause of action and all of Plaintiff's substantive claims had been dismissed. The Court granted Plaintiff 30 days to seek leave to file an amended complaint.

**Amended Complaint**

On August 14, 2023, Plaintiff timely filed a motion for leave to amend her complaint. Doc. No. 38. Her motion included a proposed amended complaint in compliance with Local Rule 4.07. Plaintiff's amended complaint removes all claims prior to July 2021; the claims against Eddie Simmons, Sam Alton, Officer Justin Cull and Officer Brown; her claims under 42 U.S.C. § 1981, 1985, and 1988; and her claim for declaratory judgment. As such, the only claim in Plaintiff's proposed amended complaint is a violation under 42 U.S.C. § 1983 against the City of Pagedale.

Defendant City of Pagedale opposes Plaintiff's leave to amend on the basis that amendment is futile because Plaintiff's proposed amended complaint fails to state a claim. Doc. No. 39. Plaintiff filed a response to Defendant's opposition and included a new amended complaint, which Plaintiff claims satisfies the deficiencies cited in Defendant's opposition. Doc. No. 40. In reply, Defendant argues that Plaintiff's amended complaint provided in Doc. No. 40 should not be considered by the Court because it was not filed within the 30 days prescribed by the Court in its previous order and is therefore untimely. Doc. No. 41.

3

The Court has compared the amended complaint filed by Plaintiff on August 14, 2023 (Doc. No. 38-1) and the second amended complaint filed by Plaintiff on September 8, 2023 (Doc. No. 40). The second amended complaint clarifies Plaintiff's claims and includes the referenced exhibits, but it does not contain any new causes of action or significant new factual allegations. In light of these minor changes, and the liberal construction of complaints afforded to pro se plaintiffs,[2] the Court will consider Plaintiff's second proposed amended complaint for the purposes of this motion for leave to amend.

## **ARGUMENT OF PARTIES**

Defendant argues that Plaintiff's motion for leave to amend her complaint should be denied as futile because Plaintiff has failed to state a claim upon which relief can be granted. Specifically, Defendant argues that Plaintiff has failed to allege facts demonstrating that the City's issuance of "warnings" and "citations" was conducted pursuant to an official City policy, custom, or deliberately indifferent failure to train or supervise. Defendant also argues that to the extent Plaintiff is alleging a Fourteenth Amendment procedural due process violation, she has failed to allege a constitutionally deficient procedure. Defendant further argues that Plaintiff's proposed amended complaint fails to properly request relief because she fails to provide proof of actual injury, establish her right to injunctive relief, and indicate that her alleged constitutional deprivation caused injury. Lastly, Defendant argues that Plaintiff has improperly sought

---

[2] *See Estelle v. Gamble*, 429 U.S. 97,106 (1976)

4

punitive damages against a municipality.

In response, Plaintiff argues that she properly alleged a violation of her constitutional rights under § 1983 and that Defendant knowingly committed this violation through its established and continued practice of improperly issuing false and meritless ordinance violations.  Plaintiff argues that these violations deprived her of the use of her land and resulted in the improper removal of her personal property.  Plaintiff further argues that she has properly alleged procedural due process violations because the citations were issued by Defendant without proper notice of which ordinances were violated, and her property was removed without a warrant, court order, arraignment, trial, or proper notice.  Lastly, Plaintiff asserts that her claims for relief are proper under the circumstances.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 15(a)(2), the Court must freely grant a motion for leave to amend "when justice so requires."  *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008).  However, there is no absolute right to amend. *Id.*  Denial of leave to amend is appropriate under certain situations, including futility of the amendment.  *See id.* (quoting *Moses.com Secs., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)); *see also Hillesheim v. Myron's Cards and Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (citation omitted).  "[W]hen a court denies leave to amend on the ground of futility, it means that the court reached a legal conclusion that the amended complaint could not withstand a Rule 12 motion . . . ."  *In re Senior Cottages of Am., LLC*, 482 F.3d 997, 1001 (8th Cir. 2007).  When determining

5

whether an amended complaint states a claim, the Court accepts as true all factual allegations contained in the proposed amended complaint. *Id.* (citing *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003)); *see also Zutz v. Nelson*, 601 F.3d 842, 850-51 (8th Cir. 2010) (applying pleading standard from *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) to determine whether proposed amended complaint stated a claim).

Further, the Court construes pro se complaints liberally. *See Estelle v. Gamble*, 429 U.S. 97,106 (1976). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, a plaintiff "still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The Court "'will not supply additional facts, nor will [the Court] construct a legal theory for plaintiff that assumes facts that have not been pleaded.'" *Id.* (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## DISCUSSION

### § 1983 Claim

In order for a municipality, such as the City of Pagedale, to be held liable for a § 1983 violation, the plaintiff must allege that the municipality has committed a constitutional violation through an (1) official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 699 (8th Cir. 2016) (internal citations and quotation marks removed); *see Monell v. Dept. of Soc. Servs. of the City of New York*, 436 U.S.

6

658, 690 (1978). "[A] 'policy' is an official policy, a deliberate choice of a guiding principle or procedure made by the municipal officer who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999) (citation omitted). A "custom" is demonstrated by:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cnty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Here, Plaintiff's proposed amended complaint alleges that she has been subject to a persistent pattern of unconstitutional misconduct by the City of Pagedale, specifically the issuance of meritless ordinance warnings and citations, fabricating ordinances, trespassing, and utilizing threats and harassing tactics as a means of enforcement. Plaintiff further alleges that the City of Pagedale was on notice of this misconduct due to the injunction and prior settlement agreement on this issue in two prior lawsuits, but has continued to "knowingly and with intentional disregard and malicious intent" engage in this improper conduct. Doc. No. 40 at ¶¶ 16-17. Lastly, Plaintiff alleges that she was harmed as a "direct and proximate cause" of "[D]efendant's formal and informal policies (and/or customs)." *Id.* at ¶ 19. Specifically, Plaintiff alleges that she was improperly deprived of the legal use of her land and property and Defendant improperly

7

destroyed/removed her personal property through their custom of improper ordinance enforcement.

Plaintiff further alleges that Defendant failed to adopt clear written policies and failed to properly train officers and other employees on the proper procedure for ordinance citations, and in doing so, knowingly violated the injunctive order in 4:15-cv-01655-RWS.

In sum, Plaintiff's proposed amended complaint appears to plausibly state a claim for municipal liability under § 1983. Accordingly, the Court finds that Plaintiff's proposed amended is not futile, and as such the Court will grant Plaintiff's leave to amend her complaint on this claim.

**Procedural Due Process Claim**

To the extent Plaintiff is alleging a procedural due process violation, the Court disagrees that she has failed to allege a constitutionally deficient procedure. For a procedural due process claim, Plaintiff must show (1) a liberty or property interest which has been interfered with by the state, or one acting under color of law, and (2) that the procedures attendant upon that deprivation were not constitutionally sufficient. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). Plaintiff's proposed amended complaint alleges that Defendant's employees, acting under color of law, entered her property and removed plants and engineering cite markers from her property without her permission and without a warrant, court order, arraignment, or trial. Doc. No. 40 at 31. Plaintiff further alleges that a vehicle, which she legally possessed and controlled, was towed from her property without proper notice, a warrant, a court order,

8

or other court process. *Id.* at 32-33. Taking these allegations as true, Plaintiff has plausibly alleged a procedural due process claim in that she had a property intertest which was interfered with by one acting under color of state law, and that the procedures accompanying that deprivation were not constitutionally sufficient. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). As such, the Court finds that Plaintiff's proposed amendment on this issue is not futile.

**<u>Damages</u>**

Defendant argues that Plaintiff has failed to provide proof of actual injury or indicate that her alleged constitutional deprivation caused injury. Plaintiff is not required to prove her damages at the pleading stage. Further, Plaintiff has alleged that Defendant's unconstitutional ordinance citation and enforcement procedures caused her actual injury by depriving her of her right to the use and enjoyment of her property and her right to due process. Plaintiff also alleges that she suffered actual damages related to the costs of the vehicle, plants, and engineering markers removed from her property.

Defendant also argues that Plaintiff has failed to demonstrate the factors required to grant injunctive relief. Injunctive relief is a remedy, not an independent cause of action. *See Henke v. Arco Midcon, L.L.C.*, 750 F. Supp. 2d 1052, 1059-60 (E.D. Mo. 2010); *see also Affiliated Goods Midwest Coop., Inc. v. Supervalu Inc.*, No. 8:16-CV-465, 2017 WL 2222916, at *2 (D. Neb. May 19, 2017) (granting leave to amend the complaint upon finding that "the plaintiffs' Amended Complaint seeks injunctive relief as a remedy for the independent causes of action alleged in Counts II and [III]" and was therefore not futile).

9

Whether Plaintiff will be able to satisfy her burden and demonstrate that the requested monetary damages and injunctive relief are proper is an issue better decided at a later stage with more complete briefing. For the purposes of the motion before the Court, Plaintiff's request for injunctive relief as a remedy for her claim is not so futile as to warrant a denial of leave to amend her complaint.

Defendant also argues that Plaintiff has improperly sought punitive damages against a municipality. The Court agrees. It is well established that municipalities are immune from punitive damages under 42 U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). As such, the Court will deny Plaintiff's motion for leave to amend her complaint with respect to her claim for punitive damages against the City of Pagedale.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's leave to amend is **GRANTED in part and DENIED in part**, as set forth above. Doc. No. 38. The motion to amend is **DENIED** as to any claim for punitive damages against the City of Pagedale under 42 U.S.C. § 1983, but is otherwise **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file Doc. No. 40, p. 19-71, as Plaintiff's Amended Complaint, which will be deemed to be limited in the matter set forth above.

**IT IS FURTHER ORDERED** that Defendant shall have **14 days** to file its response to Plaintiff's Amended Complaint.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 21st day of December, 2023.