Exhibit A-1

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF MISSOURI
### DIVISION

| | | |
|---|---|---|
| Janet L Austell, Pro Se | ) | **Complaint for a Civil Case –** |
| | ) | **AMENDED CIVIL COMPLAINT** |
| | ) | |
| | ) | |
| **v.** | ) | |
| City of Pagedale, ~~Eddie Simmons, JR,~~ | ) | |
| ~~Sam J. Alton, Police Officer Brown, Police~~ | | Case No. 4:22-cv-01006-AGF |
| ~~Officer Cull~~ | | |

Plaintiff requests trial by jury:

■ Yes

## AMENDED
## CIVIL COMPLAINT

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

| | |
|---|---|
| Name | Janet L. Austell |
| Street Address | 1149 Orchard Lakes Drive |
| City and County | St. Louis County |
| State and Zip Code | MO 63146 |
| Telephone Number | (314) 737-2904 |
| E-mail Address | JAUSTELL@ICLOUD.COM |

### B.     The Defendant(s)

Defendant No. 1

| | |
|---|---|
| Name | City of Pagedale |
| Job or Title | A Municipal Corporation |
| Street Address | 1420 Ferguson AVE |
| City and County | Pagedale, St. Louis County |
| State and Zip Code | MO 63133 |
| Telephone Number | (314) 726-1200 |
| E-mail Address | |

~~Defendant No. 2~~

| | |
|---|---|
| ~~Name~~ | ~~City of Pagedale Sam J. Alton (MO BAR #48574)~~ |
| ~~Job or Title~~ | ~~Pagedale City Attorney~~ |
| ~~Street Address~~ | ~~1420 Ferguson AVE~~ |
| ~~City and County~~ | ~~Pagedale, St. Louis County~~ |
| ~~State and Zip Code~~ | ~~MO 63133~~ |
| ~~Telephone Number~~ | ~~(314) 726-1200~~ |
| ~~E-mail Address~~ | |

~~Defendant No. 3~~

| | |
|---|---|
| ~~Name~~ | ~~City of Pagedale Eddie Simmons, JR.~~ |
| ~~Job or Title~~ | ~~Chief of Police~~ |
| ~~Street Address~~ | ~~1420 Ferguson AVE~~ |
| ~~City and County~~ | ~~Pagedale, St. Louis County~~ |
| ~~State and Zip Code~~ | ~~MO 63133~~ |
| ~~Telephone Number~~ | ~~(314) 726-1200~~ |
| ~~E-mail Address~~ | |

~~Defendant No. 4~~

~~Name                        City of Pagedale Police Officer Brown Badge NO 1521~~
~~Job or Title            Police Officer~~
~~Street Address        1420 Ferguson AVE~~
~~City and County      Pagedale, St. Louis County~~
~~State and Zip Code   MO 63133~~
~~Telephone Number  (314) 726-1200~~
~~E-mail Address~~

~~Defendant No. 5~~

~~Name                        City of Pagedale Police Officer Cull Badge NO 1541~~
~~Job or Title            Police Officer~~
~~Street Address        1420 Ferguson AVE~~
~~City and County      Pagedale, St. Louis County~~
~~State and Zip Code   MO 63133~~
~~Telephone Number  (314) 726-1200~~
~~E-mail Address~~

## II.    Basis for Jurisdiction

### A.    Federal question

1.    Federal jurisdiction is proper pursuant to 28 U.S.C. §1331 because Plaintiff's claims arise under 42 U.S.S. §1981, §1983, §1988, and the United States Constitution.

2.    Venue is proper in this Court because the incident and actions alleged in this Complaint occurred within the district and all defendants reside herein.

### B.    Suit against the Federal Government, a federal official, or federal agency

List the federal officials or federal agencies involved, if any.

### C.    Diversity of Citizenship

These are cases in which a citizen of one State sues a citizen of another State or nation, and the amount at stake is more than $75,000. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

1.    The Plaintiff(s)

The plaintiff, *(name)*_____, is a citizen of the State of *(name)* _____.

2.     The Defendant(s)

If the defendant is an individual

The defendant, *(name)* _____ , is a citizen

of the State of *(name)* _____ *Or* is a citizen

of *(foreign nation)* _____ .

If the defendant is a corporation

The defendant, *(name)* _____ .

is incorporated under the laws of the State of *(name)*

_____ , and has its principal place of

business in the State of *(name)* _____ *Or*

is incorporated under the laws of the State of *(foreign nation)*

_____ , and has its principal place

of business in *(name)* _____ .

3.     The Amount in Controversy

The amount in controversy----the amount the plaintiff(s) claims the defendant(s) owes or the amount at stake----can only be fairly estimated by a court of law because fear, emotional trauma, and deprivation of use of property are subject to interpretation by a jury, legal professionals, and medical professionals.

## III.   Statement of Claim

*Background Information*

4.   I (Janet L. Austell) the plaintiff currently live at 1149 Orchard Lakes Drive in St. Louis
County, MO, 63146. <u>Under Title VII Protected Classes of the Civil Rights Act of 1964, I
am a member of a protected class because of race, color, sex, age, and disability. I am a 70
years old female of African descent with multiple medical conditions, of which one
medical condition is disabling.</u> I purchased 1539 Faris Ave located in the municipality of
Pagedale in St. Louis County, MO, 63133 for payment of back taxes in 2014; I took
ownership of 1539 Faris Ave in 2015. I have used this property since 2015, obeying all
local, state, and federal laws. I formerly owned 1540 Faris Ave and sold it in 2020.

5.   ~~Representatives of the City of Pagedale Missouri have threatened me, harassed me, and
violated my civil rights. In 2020, the plaintiff and defendants in case CV-02596 SRC
agreed to a settlement that the City of Pagedale employees and representative have
violated. Exhibit A is a representation of the settlement in CV-02596. Multiple violations
of my civil rights and harassing (threating and intimidation) activities by representative of
the City of Pagedale have occurred before 2020 and subsequent to the settlement reached
in 2020 (CV-02596 SRC); most recently in September 2022. See Exhibit B for a
representation of the most recent threating pressure tactic. Representatives of the City of
Pagedale previously used threats and intimidation on others and in a consent decree for the
class action of Whitner et al v. City of Pagedale, 4:15-CV-01655 were ordered to stop such
actions~~ <u>Defendant acting under color of law threatened me, harassed me, and violated my
constitutional civil rights. Defendant's abuse of power granted by virtue of state law took
the form of the defendant issuing warnings and citations for ordinance that are invalid,
removing my personal property (and property I am legally responsible for) from 1539 Faris
without advance notification, my permission, and authorization in the form of orders by a
court. Multiple violations of my civil rights and harassing (threatening and intimidating)
activities by the defendant have occurred previously and a settlement was reached in 2020</u>

in Case No. 4:19-cv-02596-SRC, see Exhibit A for a copy representing the settlement agreement. Additional instances of defendant's unconstitutional actions started to occur again in June 2021. In this complaint (4:22-cv-01006-AGF), I address violations of my constitutionally granted civil rights that took place from June 2021 through October 2022. The defendant previous unconstitutional use of policies, customs, and ordinances against others are clearly documented in the consent decree for civil complaint Whitner et al v. City of Pagedale, 4:15-CV-01655-RWS, in which the defendant was ordered to stop such actions. The defendant discriminated against me by issuing warnings and citations to me and not issuing warnings and citations to other owners/tenants of neighboring properties for equivalent conditions on neighboring properties.

## *Claim*

6.  Beginning in July 2018, the City, Mayor Carter, Chief Simmons, and Officer Smith (a former City of Pagedale Police Officer) began to engage in a series of illegal conduct that has deprived me of my rights under the equal protection and due process clauses of the XIV amendment to the United States Constitution, and the Mo. Const. Art. 1 §§2, 10.  This began with a telephone call from Chief Simmons to me, wherein Chief Simmons informed me that if my son or I parked a vehicle on 1539 Faris, the vehicles would be towed.  Chief Simmons cited no legal authority or reason for this threat.

7.  I also began the process of obtaining an occupancy permit for 1539 Faris in July 2018.  First, she was told by the City Clerk that she had to appear in person to apply.  When I went to City Hall, I was told by the City Clerk that she could not issue an occupancy permit for a vacant lot, but would discuss it with Mayor Carter.  A few days later, the City clerk telephone me to say that Mayor Carter had decided that an occupancy permit could not be issued for a vacant lot.  This is contrary to the Pagedale ordinances (see Exhibit C), which do permit an occupancy permit for a lot.

8. Sometime shortly, after being told I could not receive an occupancy permit, Chief Simmons approached me while I was at 1540 Faris. Chief Simmons again stated that neither my son nor I could park vehicles at 1539 Faris.

9. The intentional harassment by the Defendants increased in earnest starting in September 2018, when Officer Smith wrote a municipal citation to me alleging that I failed to control the weeds and vegetation at 1539 Faris. The allegations were baseless and false, as the grass height on that day was less than three inches tall.

10. On January 6, 2019, Officer Smith wrote a municipal citation to me alleging a violation of the City's sign ordinance. The allegations were baseless and false, in that the only signs at 1539 Faris were a street number sign and four "No Trespassing" signs, both of which are exempt under the City's sign ordinance.

11. On January 15, 2019, a uniformed city police officer, which appeared to be Officer Smith, met two City Public Works employees in a City vehicle, at 1539 Faris. Officer Smith and the two City employees destroyed one (1) of the "No Trespassing" signs and damaged another. This was captured on surveillance camera. When I attempted to file a criminal complaint with the Pagedale Police, they refused to allow a complaint or a report.

12. On May 13, 2019, Officer Smith wrote a municipal citation to me alleging a violation for a non-hazardous violation—barrier made for signage. At this point, I contacted the City and demanded that the Defendants stop the harassment.

13. On May 30, 2019, Officer Smith again wrote a municipal citation to me alleging a violation of the City's sign ordinance. The allegations were baseless and false, in that the only signs at 1539 Faris were a street number sign and four (4) "No Trespassing" signs, all of which are exempt under the City's sign ordinance.

14. On August 19, 2019, Officer Smith and two plainclothes city police officers wrote a municipal citation and placed it on my son's vehicle, which was parked at 1539 Faris. The allegations were baseless and false, in that the ordinance cited does not apply to residential

~~property.~~

~~15. On August 22, 2019, Officer Smith called me and stated that my son's vehicle was illegally parked at 1539 Faris, and that "her superior officer wanted to have it towed." I stated that if Officer Smith or anyone else towed my son's vehicle, I would file a lawsuit. A short time later, a uniformed City police officer and a towing company towed my son's vehicle from 1539 Faris.~~

6.  On or about June 17, 2021, I received a warning of ordinance violation, physically posted on the 1995 Honda Accord LX (VIN 1HGCE1827SA014275) parked on my private property at 1539 Faris. This vehicle was on loan to me and in April 2022, the owner granted me limited power of attorney in all matters regarding this vehicle. This limited power of attorney was notarized in August 2022 in accordance with Revised Statutes of Missouri, RSMo Section 404.710. The warning glued to the window of this vehicle stated "Warning abandon/derelict vehicle", see Exhibit B for a copy representing this warning. This warning did not include documentation of a violated ordinance. This warning did not require a court appearance. This is a mechanically operational vehicle, and has both valid Missouri license plates and liability insurance as required by the state of Missouri. On or about June 26, 2021 I mailed a letter to the City of Pagedale Police Department. In this letter I stated that the 1995 Honda Accord is not an abandon vehicle, is parked on private property, and that similar issues (and patterns and practices) were previously litigated and resolve in Case No. 4:19-cv-02596-SRC, see Exhibit C for a copy of the letter I mailed.

~~16.~~7.         ~~In November 2021, I received warning of violation (number 520.050) for removal of debris. I mailed a letter to Officer Conley, the Mayor of the City of Pagedale, and the City of Pagedale Chief of Police. In this letter I informed them that I have not violated any ordinances of the City of Pagedale in accordance to the consent decree for Whitner et al v. City of Pagedale, 4:15-CV-01655 and resulting repeal of all ordinances relating to vegetation in addition to repeal of other ordinances.~~ On or about October 11, 2021, I

received a warning about of violation ordinance (520.50) identified by the identifier of W2100390, see warning in Exhibit D. This warning states "Violation of #520.050 rEMOVAL OF DEBRIS ...".  This warning did not require court appearance. Since about 2019, I have a service that maintains my yard at 1539 Faris AVE to my specifications. My property is about 160 feet in length with a fence in the rear (the west boundary); I own this rear fence. Neighboring property owners own the north and south fences bordering my property. Vegetation on the north and south fences have roots originating on neighboring properties. I cultivate (perennials and annuals) plants on about 30 feet of the western rear area of my lot. This cultivated area does not contain uncontrolled obnoxious weeds. Ordinance 520.50 is in the City of Pagedale's online ordinance e-book (at ecode360.com) as Chapter 520, which is titled Registration of Abandoned Residential Property, see Exhibit E.  My property at 1539 Faris is not abandoned. I have not violated ordinance 520.50 of the City of Pagedale in action (or by failing to maintain vegetation at 1539 Faris). In addition, the consent decree for Whitner et al v. City of Pagedale, 4:15-CV-01655-RWS repealed all ordinances relating to vegetation (and other ordinances). I have not violated a City of Pagedale ordinance. On or about November 1, 2021, I mailed a letter to the defendant (see Exhibit F for a copy representing this letter), stating that my property does not contain trash, junk, or debris. I also asked the defendant to stop harassing me. I stated that I have not violated any City of Pagedale ordinances.

~~17.~~8.    On or about August 12, 2022, ~~Officer Cull~~the defendant issued a warning (see Exhibit G) for an abandon vehicle. On or about August 29, 2022, I mailed a letters (which included a copy of the citation) to ~~Officer Cull, the Mayor of the City of Pagedale, and the City of Pagedale Chief of Police~~the defendant ~~on August 29, 2022~~. In this letter (see Exhibit H), I stated that the 1995 Honda Accord is a licensed vehicle in accordance with all Missouri laws, insured, and mechanically operational.

~~18.~~9.    On or about August 30, 2022, ~~Officer Brown~~the defendant issued a warning

(W2200209) for tall grass and vegetation on the fence line and vacant lot, (see Exhibit I). This citation did not cite an ordinance chapter and/or section of the ordinance. See paragraph 7 for my claim about vegetation (on my property and neighboring property) and my property boundaries I mailed letters to Officer Cull, the Mayor of the City of Pagedale, and the City of Pagedale Chief of Police on August 29, 2022 see paragraph 8. . In this letter, I state that my property is well maintained, no such ordinance exists, and the 1995 Honda Accord is a licensed vehicle in accordance with all Missouri laws, insured, and mechanically operational.

19. On August 30, 2022, Officer Brown wrote a warning violation for a derelict vehicle, which was mailed to me in the same enveloped (addressed to Janet and Alfred Austell) as the warning in paragraph 18.

10. On or about September 18, 2022, I received an a series of emails from Sam Alton the defendant representing the City of Pagedale,; see Exhibit B Exhibit J. This series of email contains a threat against me to obtain an administrative warrant. without stating This email did not cite an ordinance that I have violated. When I replied to the email email asking for Mr. Alton the defendant for an ordinance number to, "Please provide me with the ordinance(s) that states, I cannot park a properly licensed vehicle on my property"; his the next responding emails became dictatorial, which I perceived was as insulting and threatening. In Mr. Alton's email, he specifically mentions the neighbor at 1541 Faris Ave supporting; the fact that representatives of the City of Pagedale are functioning in a conspiratorial manner with this neighboring family. I told the defendant explicitly in my email that the 1995 Honda Accord is an operational, properly Missouri licensed vehicle, and insured as required by law. I also told him that he does not have my permission to remove this vehicle.

    The defendant in this chain of emails:

    a.   Told me to remove the 1995 Honda Accord or grant him permission to remove

it (I explicitly stated "You do not have my permission ... )",

    b.   Threatened to get an administrative warrant to enter on to my property and remove the 1995 Honda Accord,

    c.   Declared the 1995 Honda Accord is an abandon vehicle.


11. On or about October 4, 2022, I received a citation. I also received a letter from the defendant on or about October 4, 2022. This citation shown in Exhibit K cites a violation for ordinance code 500.010, "FAILURE TO CONTROL WEEDS-VEGATION OVERGROWTH OF VEGATATION AND HIGH WEEDS ON FENCE AND REAR OF PROPERTY – 84029990; see Exhibit L for copy of Chapter 500 of Pagedale's Ordinance/Code." In the letter I received, the defendant stated that the 1995 Honda Accord parked at 1539 Faris is inoperable and dangerous, and my property contained "weeds and vegetation – Nuisance"; I have included pages 1 and 2 of the letter in Exhibit M. I did not attach pages 4, and 5, which are additional pictures of the 1995 Honda Accord. The ordinances cited in this letter were 215.040, 215.080, 500.010, 619.010, 619.050, and 619.060. The defendant's threats to remove the 1995 Honda Accord are unconstitutional threats, based on false statements to deprive me of my property.

    a.   Chapter 500 of the City of Pagedale's ordinance /code (shown in Exhibit L) is titled "Adoption of Building Codes and Building Regulations." Ordinance 500.010, states "Adoption of County Codes." Exhibit L was taken from ecode360.com the City of Pagedale's online documentation of ordinances and municipality codes.

    b.   Ordinance 500.010 does not contain any text referring to vegetation (see Page 1 of Exhibit L for information about ordinance/code 500.010). The defendant violated consent decree for case 4: 15-cv-01655-RWS.

    c.   Ordinances 215.040 and 215.080 were repealed by consent decree for case 4: 15-cv-01655-RWS. The defendant violated consent decree for case 4: 15-cv-01655-

RWS.

d.   The City of Pagedale repealed ordinances in Chapter 619 including ordinances 619.010, 619.050, and 619.060, see Exhibit N for information extracted from ecode360.com the City of Pagedale's online documentation of ordinances/codes. No text exist in ecode360.com to provide context to what is covered in code 619. The defendant violated consent decree for case 4: 15-cv-01655-RWS.

On or about October 24, 2022, workers representing the City of Pagedale removed plants and engineering site markers.  These site markers were for an Exploration of Subsurface Conditions and Foundation Recommendation engineering study. I paid $2,600 to Scott Knese of SRK General Construction (using the services of Jacobi GEOTECHINCAL Engineering, INC) for this study and installation of site marker. The defendant with intent violated consent decree for case 4: 15-cv-01655-RWS and with both malicious and reckless disregard violated my due process rights.

a.   Defendant did not have my permission to enter onto my property.

b.   I was not given an arraignment.

c.   I was not given a trial.

d.   I was not served with a court order or a warrant.

e.   Defendant deprived me of my property and my rights, granted by both the Constitution and law.

In addition, on or about October 24, 2022, the operational 1995 Honda Accord with legal Missouri plates and insurance was towed from my private property at 1539 Faris. On Faris there are two neighboring properties with vehicles parked in private driveways that do not have any license plates on them; one of these vehicles has been without plates for more than 3 years. One block west of Faris on Bradford there is a vehicle parked on a private driveway without any license plates (and in a state of disrepair) for more than 1 year.

Removal the 1995 Honda Accord from the driveway of 1539 Faris by the defendant is discrimination (unequal treatment). By not allowing me to park this legally licensed and insured vehicle without interference or towing but allowing other without valid plates to keep their vehicle the defendant have deprive me of my constitutional rights. The defendant violated consent decree for case 4: 15-cv-01655-RWS.

a.   This vehicle was taken without my permissions or knowledge.

b.   Removal of this vehicle by the defendant from 1539 Faris inflicted damages both for deprivation of my use of the 1995 Honda Accord and cost I would incur for a replacement of the same make and model, and operational condition. The NADA Kelly Blue Book value for this 1995 Honda Accord does not accurately reflect the operational, functional, and nostalgic value of this 1995 Honda Accord; therefore the City of Pagedale cannot adequately compensate me for the taking of this property.

c.   I am a legally authorized user of this vehicle and I have legal authorization from the owner to make all decisions regarding this vehicle.

d.   This vehicle was legally parked on an asphalt and concrete driveway on my private property at 1539 Faris.

e.   This vehicle was towed by the defendant without court orders (advance notification) to me (or the legally titled owner). The only indication given that this 1995 Honda Accord would be towed is in the letter from the defendant; see paragraph 11.

f.   Defendant violated my rights to due process.

a.   I was not served a citation.

b.   I was not given an arraignment hearing

c.   I did not receive a trial.

g.   I was not served a warrant before the defendant entered on to my property and

towed the 1995 Honda Accord.

      h.   Defendant under color of law deprived me of the use of the 1995 Honda Accord and my rights of lawfully use of 1539 Faris.

12. The defendant acted under color of state law. The defendant is a municipality operating under state law. According to the City of Pagedale's Ordinance/Code website (ecode360.com), "On the fifteenth (15th) day of February, 1950, the City of Pagedale was incorporated as and is now a City of the Fourth Class under the laws of the State of Missouri." The defendant "acting under color of state or territorial law" has deprived me of constitutional rights and property.

13. Defendant deprived me of my property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States. The harm cause (to me is stated in paragraph 6). The harm caused by the defendant is deprivation of my rights to use the Honda Accord and make decisions concerning the vehicle as granted by the owner and the state of Missouri with me as an in-fact attorney. In paragraph 7, 11, and 13, I explain when, how, and what actions the defendant used to harm me and to deny me my 14th Amendment rights to due process. The defendant violated consent decree for case 4: 15-cv-01655-RWS.

14. The defendant acting under color of law made an unreasonable and warrantless seizure of personal property in violation of the Fourth Amendment to the Constitution of the United States as incorporated. In paragraph 10 and 11, I show by explaining what the defendant did, how the defendant acted/reacted, and actions/activities the defendant used including meritless and false ordinance (or code), issued a dictatorially order telling me to remove a legally parked vehicle, threatened me, and declared a legally licensed (and insured) vehicle abandon. The harm caused by the defendant was, I was fearful of my welfare, of being deprived of my property (and use of my property), and the defendant deliberately (and without regards to my constitutional rights) denied me due process under the law. The

defendant violated consent decree for case 4: 15-cv-01655-RWS.

15. The defendant acted pursuant to policy or custom removing plants and markers cited in paragraph 11 and having the 1995 Honda Accord towed without court order and without providing an opportunity for me to be heard in a court of law; my rights to due process under the Fourteenth Amendment. The defendant violated consent decree for case 4: 15-cv-01655-RWS.

16. Defendant failed to adopt clear policies and failed to train officials as to the proper procedures for writing warnings, issuing citations, communicating with me. Using a warning that does not contain a valid ordinance demonstrates a training failure by the defendant. The defendant using patterns and practices previously litigated (in case number 4:15-cv-01655-RWS) shows (1) a threat (and harassment), (2) indifference and disregard for my constitutional rights. The harm caused by the defendant is that I was fearful of both my welfare and depravation of my property (and restrictions on the use of my property). The defendant's actions of disobeying court orders (in consent decree 4:15-cv-01655-RWS) shows patterns and practices that are contemptuous disobedience with the intent to deprived me of constitutional rights.

17. The defendant knowingly acted with intentional (and complete) and deliberate disregard for my civil rights granted by the Constitution. The City of Pagedale has knowingly and with intentional disregard and malicious intent violated injunctions in case no. 4:15-cv-01655-RWS. Finalization of these injunctions was on May 21, 2018, see paragraph 12, 29, 30, and 31 of case no. 4:15-cv-01655-RWS, which states *(12) Within ninety (90) days of the Effective Date, the City shall develop and implement all necessary ordinances and policies as described herein to ensure that any individual ticketed by the City and appearing before the Pagedale Municipal Court (a "defendant") is afforded constitutionally sufficient process pursuant to the Fourteenth Amendment ... (29) Within one hundred twenty (120) days of the Effective Date, the City shall repeal: Chapter 215*

*(entitled "Nuisances"), Articles I and III;  and, Chapter 515, Article I ("Minimum Housing Standards") of the Code and replace  such chapters with an ordinance adopting, or ordinances substantially in the form of, the  St. Louis  County Property Maintenance Code, Chapter  1110 Title XI, Public Works and Building Regulations-Adoption of International Property Maintenance Code, Year 2009 Edition ... (30) The City shall ensure that any provision of the Code repealed or modified pursuant to this Consent Decree shall remain repealed or modified and shall not be replaced with any similar ordinances or policies, whether formal or informal... (31) The City shall only issue citations for violations of specific provisions of the Code. The City shall cease ticketing, and shall cease threatening to ticket, individuals for conditions not specifically mentioned in the Code...*  In paragraphs 6 – 12, I show the City of Pagedale's actions in 2021 through 2022 violates a previous (2020) settlement agreement shown in Exhibit A (in case no. 4:19-cv-02596-SRC) made with me. In case 4:19-cv-02596-SRC the City of Pagedale used practices of meritless issuing warnings/citations, fabricating ordinances, trespassing, threats, harassing tactics, taking of Honda Accord LX VIN 1HGCE1827SA014275, and deprivation of use of property with the intent to force me to obey dictatorial orders not based on any law. Patterns and practiced used by defendant in case numbers 4:15-cv-01655-RWS and 4:19-cv-02596-SRC are evidence that the City of Pagedale acted in accordance with established habit/ routine, customs, and/or policies and will use the same tactics against me in the future. The defendant violated injunction for case 4: 15-cv-01655-RWS.

18. The defendant's formal and informal policies (and/or customs) including written (and/or unwritten) were a direct and proximate cause of the constitutional deprivation suffered by me, see paragraph 17 for more information. Paragraphs 6 – 11 describes the defendant using patterns and practices based on policies and customs to issue warnings, citations, letters, and emails that resulted in me being harmed; deprived of my property and constitutional rights and the defendant violation of consent decree for case 4: 15-cv-01655-

RWS.

    a.  Customs/policies the defendant failed to perform was to include specific ordinance/code I allegedly violated on "all citations, summonses, arrest notification forms, and other charging documents the charges brought" (as stated in consent decree 4:15-cv-01655-RWS).

    b.  The defendant failed to develop and implement ordinances and policies as described in case no. 4:15-cv-01655-RWS.

    c.  The defendant failed to ensure that I was afforded constitutionally sufficient process, pursuant to the Fourteenth Amendment.

19. The defendant's failure to adopt clear written policies and failure to train personnel on proper application of ordinances and determining active ordinances were a direct and proximate cause of the constitutional deprivation that I suffered. In paragraph 6, 7, 8, 9, I explain that the defendant used meritless and false warnings without identifying an active ordinance/code. Missouri RSMO 575.80 prohibits intentionally making a false report. The defendant knowingly and intentional issued false, meritless, inaccurate warnings to cause me harm and violating my constitutional rights. The defendant knowingly violated consent decree for case 4: 15-cv-01655-RWS.

    a.  The defendant/personnel writing of warnings/citations for repealed ordinances/code demonstrates a failure to train personal.

    b.  The defendant/personnel writing email/letters for ordinance/code that do not exist shows a failure to train personnel.

    c.  The defendant/personnel unknowingly misstating contents of an ordinance/code shows a failure to train personnel.

    d.  The defendant/personnel knowingly misstating contents of an ordinance/code shows deliberate, intentional and reckless disregard for my constitutional rights.

20. Policies, customs, and actions of and by the defendant were the direct and proximate cause

of the constitutional deprivation of my use of 1539 Faris, personal property damages, and removal of property from 1539 Faris. The harm caused by the defendant (acting under color of law) was to deprive me of my property (and property I am responsible for). The harm caused by the defendant was both an intentional and a deliberate disregard for my constitutional rights. The defendant targeted me for disparate and unequal treatment (see paragraphs 10 and 11). This includes but is not limited to the defendant repeatedly writing warnings/citations/letters/emails for ordinances that did not apply or had been revoked, repeatedly writing citations for ordinance violations based upon knowingly false statements, failing to allow me to enjoy the use of my properties at 1539 Faris; damaging/removing my property; and restricting me from legal use of my property, and violating consent decree for case 4: 15-cv-01655-RWS.

~~20.~~

## COUNT I – VIOLATIONS UNDER 42 U.S.C. §§~~1981,~~ 1983 ~~and 1988~~

21. I incorporates by reference paragraphs 1-20 above.

~~22. Pursuant to 42 U.S.C. § 1981:~~

> ~~All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.~~

~~42 U.S.C. §1981.~~

~~23.     The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike.  City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985) quoting Plyler v. Doe, 457 U.S. 202, 216, 102 S.Ct. 2382, 2394, 72 L.Ed.2d 786 (1982).~~

~~24~~22.  **Pursuant to 42 U.S.C. §1983:**

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. §1983.

~~25~~23.   "[I]n any §1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Parratt v. Taylor, 451 U.S. 527, 535 (1981) (overruled in part not relevant here, by Daniels v. Williams, 474 U.S. 327, 330–331 (1986)).

~~26~~24.   "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West v. Atkins, 487 U.S. 42, 49, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)).  See Gentry v. City of Lee's Summit, Mo., 10 F.3d 1340, 1342 (8th Cir. 1993).

~~27~~25.   ~~Representatives of the City of Pagedale,~~The defendant acting under color of state in ~~their~~ an official capacities, have knowingly acted with deliberate, intentional and reckless disregard for the rights of Plaintiffs under the U. S. Constitution ~~and 42 U.S.C. § 1981~~ by targeting

Plaintiff for disparate and unequal treatment, including but not limited to: (1) ~~refusing to issue an occupancy permit for 1539 Faris; (2)~~ writing repeated citations for ordinances that did not apply or had been revoked; (3) writing repeated citations for ordinance violations based upon false statements; (4) failing to allow Plaintiff to enjoy the use of her properties at 1539 Faris; (5) damaging Plaintiff's property; ~~and~~ (6) restricting the Plaintiff's legal use of her property; and (7) the defendant violated consent decree for case 4: 15-cv-01655-RWS.~~.~~

~~28~~26.   Plaintiff has been damaged and is entitled to recover compensatory and punitive damages~~, as well as attorneys' fees, expenses and costs pursuant to 42 U.S.C. §1988~~.

WHEREFORE, Plaintiff respectfully requests that this Court enter its final judgment and order of damages, in an amount to be determined at trial, including compensatory and punitive damages, ~~awarding Plaintiff attorneys' fees, expenses and costs incurred herein,~~ and for such other and further relief as this Court deems just and proper.

~~COUNT II   CONSPIRACY TO VIOLATE CIVIL RIGHTS UNDER 42 U.S.C. §1985~~

~~29.      Plaintiff incorporates herein by reference paragraphs 1-28 above.~~

~~30.      Federal law, 42. U.S.C. §1985, states:~~

~~If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.~~

~~42 U.S.C. §1985.~~

31.    Representatives of the City of Pagedale, acting under color of state in their official capacities, have knowingly acted, individually and in conspiracy with one another, with deliberate, intentional and reckless disregard for the rights of Plaintiff under the U.S. Constitution and 42 U.S.C. §1981 by targeting Plaintiff for disparate and unequal treatment, and by subjecting her to excessive harassment by law enforcement.  Therefore, Plaintiff brings this action under 42 U.S.C. §1985.

32.    Plaintiff has been damaged and is entitled to recover compensatory and punitive damages, as well as attorneys' fees, expenses and costs pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff respectfully requests that this Court enter its final judgment and order of damages, in an amount to be determined at trial, including compensatory and punitive damages, awarding Plaintiff her attorneys' fees, expenses and costs incurred herein, and for such other and further relief as this Court deems just and proper.

COUNT III – DECLARATORY JUDGMENT

33.    Plaintiff incorporates herein by reference paragraphs 1-32 above.

34.    The Declaratory Judgment Act states: "In a case of actual controversy within its jurisdiction, … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201

35.    Because Defendants refuse to allow Plaintiff and her invitees and guests to park at 1539 Faris, there exists an actual, substantial, and presently existing controversy admitting of specific relief as distinguished from an advisory or hypothetical situation as to the enforceability of the City's ordinances.  Therefore, declaratory judgment is appropriate.

WHEREFORE, Plaintiff respectfully requests that this Court enter its final judgment and order declaring (i) the City has no authority to prevent or prohibit Plaintiff or her invitees and guests from lawfully parking their vehicles at 1539 Faris; (ii) for Plaintiff's attorneys' fees, expenses and costs incurred herein, and (iii) for such other and further relief as this Court deems

just and proper.

## IV.    Relief

I bring this suit to vindicate my fundamental civil rights, obtain <u>general</u> compensatory~~, general,~~ and punitive relief to ensure that my rights are not violated again, and obtain relief from ~~illegal and intimidating~~<u>violation of my civil rights</u> ~~actions~~ by <u>the </u>defendant~~s~~.

I specifically requests:

1. For an issuance of preliminary and permanent injunctions restraining defendant~~s~~ from acting in furtherance of policies, practices, or customs that violate my rights under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution or that exceed the powers and authorities of the City of Pagedale and persons working under authorities of the City of Pagedale.

~~2.   For an award of $1000.00 for actual damages to no trespassing signs.~~

~~3.~~<u>2.</u>~~For an award of damages in the amount of $8,657.00 for being deprived of legal use of my land (during extended periods) through intimidation.~~<u>For an award of $60,000.00 for general compensatory damages for being deprived of legal use of my land and destruction/removal of private property.</u>

~~4.~~<u>3.</u> Punitive damage ~~(in an amount comparable with punitive damages in other similar civil cases)~~ <u>in the amount of $500,000.00</u> to deter the defendant from similar conduct in the future.

Do you claim the wrongs alleged in your complaint are continuing to occur now?

Yes ☒   No ☐

Do you claim actual damages for the acts alleged in your complaint?

Yes ☒   No ☐

Do you claim punitive monetary damages?

Yes ☒   No ☐

~~I value 1539 Faris at an actual cost of $$8,657.00, the price I paid for purchase of 1539 Faris Ave from St. Louis County Missouri for back taxes~~<u>Actual damaged are $11,257.00, calculated by using the purchase price of $8,657.00 and the engineering study cost of $2,600.00. I cannot state an actual price for deprivation of the 1995 Honda Accord and plants I cultivated on 1539 Faris.</u>

## V.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _4th_ day of _September_ , 20 _23_ .

Signature of Plaintiff(s) _Janet L. Austell_

Janet L. Austell

---

**Complaint for a Civil Case**

Case No

Plaintiff requests trial by jury:

☒ Yes    ☐

Exhibit A
Page 1 of Exhibit A

## SETTLEMENT AND RELEASE

WHEREAS, there is pending before the United States District Court for the Eastern District of Missouri, a claim or claims styled, *Austell v. City of Pagedale, Missouri, et al.*, No. 19-cv-02596-SRC, and

WHEREAS, Plaintiff, Janet Austell, asserts liability in such claim(s) against the City of Pagedale, Missouri and certain individual City personnel based on a claim of alleged civil rights violation and other claims, while the City and its personnel deny such claims and maintain that any matter complained of therein either did not occur or was reasonable and subject to affirmative defenses, and

WHEREAS, the parties wish to fully resolve their dispute,

NOW THEREFORE, in exchange for the mutual promises, terms, and conditions hereof, the receipt and sufficiency of which is hereby acknowledged, the parties hereby enter into this Settlement and Release and agree as follows:

1.   Plaintiff Janet Austell shall forthwith voluntarily dismiss, without prejudice, all named defendants with respect to the claim except for the City of Pagedale, Missouri. Plaintiff shall further provide forthwith a signed waiver of any Medicare or any other liens, and hereby represents that there are no liens on any proceeds of the referenced litigation or the claims asserted therein. Plaintiff's counsel shall forthwith designate in writing the name(s) that shall appear as the payee(s) on the draft (referenced in Paragraph 2 hereof), and shall provide a signed W-9 form with respect to any and all such designated payee(s).

2.   Within approximately twenty-one days of receipt by Defendants' undersigned counsel of the referenced voluntary dismissal without prejudice and the referenced lien form and W-9, Remaining Defendant the City of Pagedale, Missouri, shall cause to be paid to Plaintiff, via draft payable as designated in writing per Paragraph 1 hereof, the sum of Ten Thousand Dollars ($10,000.00), which shall be delivered to Plaintiff's counsel, or made available for pick-up by Plaintiff's counsel at Defendant's counsel's office in St. Louis County, Missouri.  Defendants shall also be responsible for the total costs of the mediator's fee.

3.   Upon such payment being received by Plaintiff or Plaintiff's counsel, the referenced litigation and all claim(s) associated with it shall be dismissed immediately by Plaintiff, with prejudice, as to all parties, including those who had been dismissed out with prejudice as well the Remaining Defendant the City of Pagedale, Missouri, with each party to bear their own fees, costs, and expenses.

4.   The Parties agree that policing fairly, with courtesy and dignity, and without bias is central to promoting broad community engagement, fostering public confidence in the City of Pagedale.  In conducting policing activities, City Of Pagedale law enforcement officers, including the Pagedale Police Department ("PPD"), will, when providing police

Exhibit A
Page 2 of Exhibit A

and resolve any and all claims that Plaintiff has or might have against the released parties or any of them. Plaintiff represents that she has the express authority and direction of her tenant to enter into this Settlement & Release by which they too releases the City and its personnel, as set forth above, and that the amicable resolution of the aforementioned litigation, as well as the permission(s) stated herein as being provided by Ms. Austell to her tenant(s), have been recognized and agreed by them to be adequate compensation and consideration to him for such release.

7.   This Settlement and Release shall be binding upon the parties and their heirs and representatives. This Settlement and Release shall be governed and construed according to Missouri law and contains the full understanding of the parties. No other promises or representations have been made which are not set forth herein.

8.   This Settlement and Release is entered into purely for the convenience of the parties to avoid the expenses and inconveniences of further dispute. The parties recognize and acknowledge that this settlement is the most efficient for the parties to resolve this matter without incurring such expenses. The parties recognize and acknowledge that they maintain as a matter of principle their respective positions regarding the underlying merits of the claim at issue in the litigation. Neither this Settlement and Release nor the fulfillment of any of its terms, conditions, or promises shall be construed to be any sort of admission of fault, guilt, or liability by any person or party.

9.   The existence and terms of this Settlement and Release shall remain confidential and shall not be disclosed or revealed by either party or their counsel except insofar as the City of Pagedale, Missouri (a governmental or quasi-governmental entity in the State of Missouri), may be compelled to disclose its existence or terms under the Missouri Sunshine Law. And any such compelled disclosure by the City shall not operate to relieve Plaintiff or Plaintiff's counsel or any other person from complying in the future with the duty of confidentiality. Neither Plaintiff nor her counsel shall initiate or cause to be made in any way (or solicit anyone else to initiate or cause to be made in any way), any such disclosure under the Missouri Sunshine Law. There shall be no dissemination in the form of discussion, publication, advertising, or publicity of any kind, direct or indirect, of the existence of, or any of the terms of, this settlement. In the event any party is asked about the matter, they may respond "The matter has been resolved." and not thereby be in violation of this Settlement and Release.

10. This Settlement and Release is entered into by the parties after consultation with their counsel, and shall not be deemed to be drafted by either party. This Settlement And Release is subject to ratification by the City's governing body.

SO ENTERED INTO this 1st day of April, 2020.

Janet Austell, Plaintiff

_____   date: April 1, 2020

Jay L. Kanzler, Counsel for Plaintiff

_____  412.98   date: April 1, 2020

_____, Defendant
Mayor

_____, Counsel for Defendant

Ratified by CITY OF PAGEDALE, a Missouri MUNICIPALITY

By _____, title: CITY CLERK

_____   date: APRIL 29, 2020
PAM ROGERS

Exhibit B



Exhibit C

Dr. Janet L. Austell          **Exhibit Response to Warning 17-JUN-21 (P1)**
1149 Orchard Lakes Drive
St. Louis, MO 63146
June 26, 2021

Re: 1539 Faris AVE; Warning of Vehicle Considered Abandoned

Dear Office Lowman and City of Pagedale,
On June 17, 2021, you put a warning notice on the vehicle identified in the
picture shown in Exhibit A. This is my respectful attempt to advise you that
you have made a mistake. Please be advised that this vehicle is licensed in
the state of Missouri (as shown in the picture labeled as Exhibit B), not
abandoned, and parked on private property.

This letter is to advise you that your warning notification is a mistake, this
vehicle is not abandoned. Please be advised that I am giving notice that a
continuation of actions relating to this vehicle will be perceived by me as
harassment by you and individuals working on behalf of the City of Pagedale.
To help you understand my perspective, please review settlement agreement
for Case No. 4:19-cv-02596 SRC, JANET L. AUSTELL, Plaintiff(s), v. CITY OF
PAGEDALE, et al., Defendant(s). Continued efforts in regards to this matter
will result in me filing another civil case for violation of my civil rights and
settlement for Case No. 4:19-cv-02596 SRC.

Sincerely,
Dr. Janet L. Austell
CC:
Chief of Pagedale Police Department
File

Exhibit D

| Warning | | | Officer Record |
|---|---|---|---|
| PAGEDALE POLICE DEPARTMENT<br>PAGEDALE, MISSOURI<br>HO0035700 | | | **W2100390** |

I, KNOWING THAT FALSE STATEMENTS ON THIS FORM ARE PUNISHABLE BY LAW, STATE THAT I HAVE PROBABLE CAUSE TO BELIEVE THAT:

| ON/ABOUT (Date) | AT TIME | UPON/AT NEAR (LOCATION) |
|---|---|---|
| 10/11/2021 | 1031 | CST 1539 PARIS AVE |

WITHIN CITY / COUNTY AND STATE AFORESAID,

NAME (LAST, FIRST, MIDDLE)
**AUSTELL, JANET, LANICE**

STREET ADDRESS
**1149 ORCHARD LAKES DR**

| CITY<br>**ST LOUIS** | | STATE<br>**MO** | ZIP CODE<br>**63146** |
|---|---|---|---|
| DATE OF BIRTH<br>**09/01/1953** | AGE<br>**68** | RACE<br>**B** | SEX<br>**F** | HEIGHT<br>**507** | WEIGHT<br>**297** |
| DRIVER'S LIC NO<br>**E0819268** | | COL<br>☐ YES  ☐ NO | STATE<br>**MO** |

**LEAVE THIS LINE BLANK**

EMPLOYER

ADDRESS (Street, City, State, Zip)

| DID UNLAWFULLY: | ☒ OPERATE/DRIVE | ☐ PAPA | ☐ C.M.V. | ☐ WITH HAZ MAT |
|---|---|---|---|---|
| V<br>E<br>H<br>I<br>C<br>L<br>E | YEAR | MAKE | MODEL | STYLE | COLOR |
| | REGISTERED WEIGHT | L<br>I<br>C | NUMBER | STATE | YEAR |

DID THEN AND THERE COMMIT THE FOLLOWING OFFENSE(S):
**Weed Violation**

THE FACTS SUPPORTING THIS BELIEF ARE AS FOLLOWS:
**VIOLATION OF #520.050 rEMOVAL OF DEBRIS--PROPERTY FREE FROM WEEDS. DRY BRUSH, DEAD VEGETATION, TRASH, JUNK & DEBRIS. (FOR MORE INFO SEE PICTURES @ CITY HALL 10-11-202**

| OFFICER<br>**/s/ PO CONLEY** | BADGE<br>**01545** | IBR/ZONE | DATE<br>**10/11/2021** |
|---|---|---|---|

OFFICER'S SIGNATURE

VIOLATOR'S SIGNATURE

SAINT LOUIS MO 630
12 OCT 2021 PM 2 L

Janet L Austell
1149 Orchard Lakes Dr.
St Louis, MO 63176

63146-513049



PAGEDALE
1420 Ferguson Ave
Pagedale, MO 63133

Exhibit E
Page 1 of Exhibit E

**Section 520.010 Adoption of Abandoned Residential Property.**
[Ord. No. 1439 §1, 10-8-2009]

It is the purpose and intent of the City of Pagedale, Missouri, through the adoption of this Chapter, to establish an abandoned residential property registration program as a mechanism to protect residential neighborhoods from becoming blighted through the lack of adequate maintenance and security of abandoned properties.

**Section 520.020 Definitions.**
[Ord. No. 1439 §2, 10-8-2009]

For the purposes of this Chapter, certain words and phrases used in this Chapter are defined as follows:

**ABANDONED**
A property that is vacant and is under a current Notice of Default and/or Notice of Trustee's Sale, pending Tax Assessors Lien Sale and/or properties that have been the subject of a foreclosure sale where the title was retained by the beneficiary of a deed of trust involved in the foreclosure and any properties transferred under a deed in lieu of foreclosure/sale.

**ACCESSIBLE PROPERTY**
A property that is accessible through a compromised/breached gate, fence, wall, etc.

**ACCESSIBLE STRUCTURE**
A structure/building that is unsecured and/or breached in such a way as to allow access to the interior space by unauthorized persons.

**AGREEMENT**
Any agreement or written instrument which provides that title to residential property shall be transferred or conveyed from one owner to another owner after the sale, trade, transfer or exchange.

**ASSIGNMENT OF RENTS**
An instrument that transfers the beneficial interest under a deed of trust from one lender/entity to another.

**BENEFICIARY**
A lender under a note secured by a deed of trust.

**BUYER**
Any person, co-partnership, association, corporation, or fiduciary who agrees to transfer anything of value in consideration for property described in an agreement of sale, as defined in this Subsection.

**DANGEROUS BUILDING**
Any building/structure that is in violation of any condition referenced in the Pagedale City Code and/or any condition deemed to be dangerous by a City of Pagedale official, inspection officer, Police Officer or Pagedale Municipal Court.

**DAYS**
Consecutive calendar days.

**DEED IN LIEU OF FORECLOSURE/SALE**
A recorded document that transfers ownership of a property from the trustor to the holder of a deed of trust upon consent of the beneficiary of the deed of trust.

**DEED OF TRUST**
An instrument by which title to real estate is transferred to a party as security for a real estate loan. This definition applies to any and all subsequent deeds of trust i.e.: 2nd trust deed, 3rd trust deed, etc.

**DEFAULT**
The failure to fulfill a contractual obligation, monetary or conditional.

**DISTRESSED**
A property that is under a current Notice of Default and/or Notice of Trustee's Sale and/or pending Tax Assessor's Lien Sale or has been foreclosed upon by the trustee or has been conveyed to the beneficiary/trustee via a deed in lieu of foreclosure/sale.

**EVIDENCE OF VACANCY**
Any condition that on its own or combined with other conditions present would lead a reasonable person to believe that the property is vacant. Such conditions include, but are not limited to, overgrown and/or dead vegetation, accumulation of newspapers, circulars, flyers and/or mail, past due utility notices and/or disconnected utilities, accumulation of trash, junk and/or debris, the absence of window coverings such as curtains, blinds and/or shutters,

<u>Exhibit E</u>
<u>Page 2 of Exhibit E</u>

the absence of furnishings and/or personal items consistent with residential habitation, statements by neighbors, passersby, delivery agents, government employees that the property is vacant.

**FORECLOSURE**
The process by which a property, placed as security for a real estate loan, is sold at auction to satisfy the debt if the trustor (borrower) defaults.

**LOCAL**
Within forty (40) road/driving miles distance of the subject property.

**NEIGHBORHOOD STANDARD**
Those conditions that are present on a simple majority of properties within a three hundred (300) foot radius of an individual property. A property that is the subject of a neighborhood standard comparison, or any other abandoned property within three hundred (300) foot radius, shall not be counted toward the simple majority.

**NOTICE OF DEFAULT**
A recorded notice that a default has occurred under a deed of trust and that the beneficiary intends to proceed with a trustee's sale.

**OUT OF AREA**
In excess of forty (40) road/driving miles distance of the subject property.

**OWNER**
Any person, co-partnership, association, corporation, or fiduciary having a legal or equitable title or any interest in any real property.

**OWNER OF RECORD**
The person having recorded title to the property at any given point in time the record is provided by the St. Louis County Records Office.

**PROPERTY**
Any unimproved or improved real property, or portion thereof, situated in the City and includes the buildings or structures located on the property regardless of condition.

**RESIDENTIAL BUILDING**
Any improved real property, or portion thereof, situated in the City, designed or permitted to be used for dwelling purposes, and shall include the buildings and structures located on such improved real property. This includes any real property being offered for sale, trade, transfer, or exchange as "residential" whether or not it is legally permitted and/or zoned for such use.

**SECURING**
Such measures as may be directed by an official from the City of Pagedale and/or St. Louis County or his or her designee that assist in rendering the property inaccessible to unauthorized persons, including, but not limited to, the repairing of fences and walls, chaining/pad locking of gates, the repair or boarding of door, window and/or other openings. Boarding shall be completed to a minimum of the current HUD securing standards at the time the boarding is completed or required.

**TRUSTEE**
The person, firm or corporation holding a deed of trust on a property.

**TRUSTOR**
A borrower under a deed of trust, who deeds property to a trustee as security for the payment of a debt.

**VACANT**
A building/structure that is not legally occupied.

### Section 520.030 Registration With St. Louis County Recorder's Office.
[Ord. No. 1439 §3, 10-8-2009]

Within ten (10) days of the purchase and/or transfer of a loan/deed of trust secured by residential property, the new beneficiary/trustee shall record, with the St. Louis County Recorder's office, an Assignment of Rents, or similar documents, that lists the name of the corporation and/or individual, the mailing address and contact phone number of the new beneficiary/trustee responsible for receiving payments associated with the loan/deed of trust.

### Section 520.040 Inspection of Property.
[Ord. No. 1439 §4, 10-8-2009]

A.   Any beneficiary/trustee who holds a deed of trust on a property located within the City of Pagedale, Missouri, shall

<u>Exhibit E</u>
<u>Page 3 of Exhibit E</u>

perform an inspection of the property that is the security for the deed of trust, upon default by the trustor, prior to recording a Notice of Default with the St. Louis County Recorder's office. If the property is found to be vacant or shows evidence of vacancy, it is, by this Chapter, deemed abandoned and the beneficiary/trustee shall, within ten (10) days of the inspection, register the property with the City of Pagedale and St. Louis County on forms provided by the City.

B.   If the property is occupied but remains in default, it shall be inspected by the beneficiary/trustee, or his designee, monthly until:

1.   The trustor or other party remedies the default; or

2.   It is found to be vacant or shows evidence of vacancy at which time it is deemed abandoned, and the trustee shall, within ten (10) days of that inspection, register the property with the City of Pagedale and St. Louis County on forms provided by the City.

C.   In either case the registration shall contain the name of the beneficiary/trustee (corporation or individual), the direct street/office mailing address of the beneficiary/trustee (no P.O. Boxes), a direct contact name and phone number for the beneficiary/trustee and, in the case of a corporation or out of area beneficiary/trustee, the local property management company responsible for the security, maintenance and marketing of the property. Registration fees will not be prorated.

D.   An annual registration fee shall accompany the registration form. The fee and registration shall be valid for the calendar year, or remaining portion of the calendar year, in which the registration was initially required. Subsequent registrations and fees are due January first (1st) of each year and must be received no later than January thirty-first (31st) of the year due.

E.   This Section shall also apply to properties that have been the subject of a foreclosure sale where the title was transferred to the beneficiary of a deed of trust involved in the foreclosure and any properties transferred under a deed in lieu of foreclosure/sale.

F.   Properties subject to the Chapter shall remain under the annual registration requirement, security and maintenance standards of this Section as long as they remain vacant.

G.   Any person, firm or corporation that has registered a property under this Chapter must report any change of information contained in the registration within ten (10) days of the change.

### Section 520.050 **Removal of Debris.**
[ Ord. No. 1439-05, 10-8-2009 ]

A.   Properties subject to this Section shall be, in comparison to the neighborhood standard, kept free of weeds, dry brush, dead vegetation, trash, junk, debris, building materials, any accumulation of newspapers, circulars, flyers, notices, except those required by Federal, State or local law, discarded personal items including, but not limited to, furniture, clothing, large and small appliances, printed material or any other items that give the appearance that the property is abandoned.

B.   The property shall be maintained free of graffiti, tagging, or similar markings by removal or painting over with an exterior grade paint that matches the color of the exterior of the structure.

C.   Visible front and side yards shall be landscaped and maintained to the neighborhood standard at the time registration was required.

D.   Landscape includes, but is not limited to, grass, ground covers, bushes, shrubs, hedges or similar plantings, decorative rock or bark or artificial turf/sod designed specifically for residential installation.

E.   Landscape does not include weeds, gravel, broken concrete, asphalt, decomposed granite, plastic sheeting, mulch, indoor-outdoor carpet or any similar material.

F.   Maintenance includes, but is not limited to, regular watering, irrigation, cutting, pruning and mowing of required landscape and removal of all trimmings.

G.   Adherence to this Section does not relieve the beneficiary/trustee or property owner of any obligations set forth in any covenants, conditions and restrictions and/or homeowners association rules and regulations which may apply to the property.

### Section 520.060 **Security of Property.**
[ Ord. No. 1439-56, 10-8-2009 ]

A.   Properties subject to this Section shall be maintained in a secure manner so as not to be accessible to unauthorized persons.

B.   Secure manner includes, but is not limited to, the closure and locking of windows, doors (walk-through, sliding and garage), gates and any other opening of such size that it may allow a child to access the interior of the property and/or

<u>Exhibit E</u>
<u>Page 4 of Exhibit E</u>

structure(s). In the case of broken windows, securing means the reglazing or boarding of the window.

C.   If the property is owned by a corporation and/or out of area beneficiary/trustee/owner, a local property management company shall be contracted to perform weekly inspections to verify that the requirements of this Section, and any other applicable laws, are being met.

D.   The property shall be posted with name and twenty-four (24) hour contact phone number of the local property management company. The posting shall be no less than eighteen (18) inches by twenty-four (24) inches and shall be of a font that is legible from a distance of forty-five (45) feet and shall contain along with the name and twenty-four (24) hour contact number the words "THIS PROPERTY MANAGED BY" and "TO REPORT PROBLEMS OR CONCERNS CALL". The posting shall be placed on the interior of a window facing the street to the front of the property so it is visible from the street, or secured to the exterior of the building/structure facing the street to the front of the property so it is visible from the street or if no such area exists, on a stake of sufficient size to support the posting in a location that is visual from the street to the front of the property but not readily accessible to vandals. Exterior posting must be constructed of and printed with weather-resistant materials.

E.   The local property management company shall inspect the property on a weekly basis to determine if the property is in compliance with the requirements of this Chapter.

### Section 520.070 Additional Enforcement Remedies.
[Ord. No. 1439-67, 10-8-2009.]

In addition to the enforcement remedies established in the Pagedale City Code, the City of Pagedale shall have the authority to require the beneficiary/trustee/owner and/or owner of record of any property affected by this Chapter, to implement additional maintenance and/or security measures including, but not limited to, securing any/all door, window or other openings, installing additional security lighting, increasing on-site inspection frequency, employment of an on-site security guard or other measures as may be reasonably required to arrest the decline of the property.

### Section 520.080 Fees.
[Ord. No. 1439-68, 10-8-2009.]

The fees for registering an abandoned residential property shall be set by resolution of the Board of Alderpersons.

### Section 520.090 Violations and Appeals.
[Ord. No. 1439-§§9 — 11, 10-8-2009.]

A.   Violations of this Chapter may be enforced in any combination as allowed in the Pagedale City Code.

B.   Any person aggrieved by any of the requirements of this Chapter may appeal insofar as such appeal is allowed under the Pagedale City Code.

C.   Violations of this Chapter shall be treated as a strict liability offense regardless of intent. Any person, firm and/or corporation that violates any portion of this Chapter shall be subject to prosecution and/or administrative enforcement permitted under the Pagedale City Code for nuisance properties.

Exhibit F

Dr. Janet L. Austell
1149 Orchard Lakes Drive
St. Louis, MO 63146
November 1, 2021

RE: 1539 Faris AVE; Warning of Violation of #520.050 Removal of Debris ... etc.

Dear Chief of Police, Officer Conley, and City of Pagedale,
After I received your warning and was unable to view pictures referenced in your
notification, I had a video taken, which is available at ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛
⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛. This video clearly shows that my property does
not contain trash, junk, and debris. You should also be aware that the north and south
fences belongs to neighboring property owners. My lawsuit (Case NO. 4:19-CV-02596,
JANET L. AUSTELL V. CITY OF PAGEDALE) and communications to you (prior to
2021) established that vegetation does not violate any ordinances of the City of
Pagedale.

This is the second citation I have received about 1539 Faris in 3 months. These
warnings issued in 2021, continues to demonstrate patterns of harassment by the City
of Pagedale representatives. In my previous civil rights filings for violation of my rights
(Case NO. 4:19-CV-02596, JANET L. AUSTELL V. CITY OF PAGEDALE), I established
that ordinance covering vegetation was repelled. In addition, this continued harassment
is also potentially a violation of decree consent issued in Whitner et al v. City of
Pagedale, 4:15-CV-01655.

*I am asking that representatives with the City of Pagedale stop harassing me with
unjustified and possibly illegal warnings, citations, and/or communications.* If I
receive another harassing communication of any type from the City of Pagedale, I will
start legal process to reinstate my civil rights lawsuit. I will also file a federal case for the
City of Pagedale violating the consent decree issued in in Whitner et al v. City of
Pagedale, 4:15-CV-01655.

Sincerely,

*[signature]*

Janet L. Austell, DM IST
Email: ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛

CC:
Jay Kanzler, Attorney at Law
Chief of City Pagedale Police Department
Mayor of City of Pagedale
Officer Conley

Exhibit G



Exhibit H

Dr. Janet L. Austell
1149 Orchard Lakes Drive
St. Louis, MO 63146
August 28, 2022

RE: 1539 Faris AVE; Warning of Violation of #598893H

Dear Chief of Police, Officer Cull, and City of Pagedale,
I received your warning posted on the Honda Accord parked at 1539 Faris, Pagedale,
MO, 63133. This is my final warning for you to stop harassing me about a legally
registered/licensed vehicle parked on my private property.

This is the third warning/citation I have received concerning private property of (or
located on) 1539 Faris in 8 months. These warnings/citations continues to demonstrate
patterns of harassment by the City of Pagedale representatives. In my previous civil
rights filings for violation of my rights (Case NO. 4:19-CV-02596, JANET L. AUSTELL V.
CITY OF PAGEDALE), I established that officials with the city of Pagedale have no
legal rights to dictate my legal use of my property.

*I am asking that representatives with the City of Pagedale stop harassing me with
unjustified and possibly illegal warnings, citations, and/or communications.* As of
today, I have started the process of reinstating Case NO. 4:19-CV-02596, JANET L.
AUSTELL V. CITY OF PAGEDALE and filing a legal complaint about the City of
Pagedale violating the consent decree issued in Whitner et al v. City of Pagedale, 4:15-
CV-01655.

Sincerely,

Janet L. Austell, DM IST
Email: JAUSTELL@ICLOUD.COM

CC:
Jay Kanzler, Attorney at Law
Chief of City Pagedale Police Department
Mayor of City of Pagedale
Officer Cull

Exhibit I

30 - AUG - 22

| Warning | | | Violator's Copy | |
|---|---|---|---|---|
| **PAGEDALE POLICE DEPARTMENT** PAGEDALE, MISSOURI MO0955760 | | | **W2200209** | |

I, KNOWING THAT FALSE STATEMENTS ON THIS FORM ARE PUNISHABLE BY LAW, STATE THAT I HAVE PROBABLE CAUSE TO BELIEVE THAT:

| ON/ABOUT (Date) | AT TIME | UPON/AT NEAR (LOCATION) | | |
|---|---|---|---|---|
| 08/30/2022 | 1420 | CSI 1539 FARIS AVE | | |

WITHIN CITY / COUNTY AND STATE AFORESAID,

NAME (LAST, FIRST, MIDDLE)
**AUSTELL, JANET, LANICE**

STREET ADDRESS
**1149 ORCHARD LAKES DR**

| CITY **ST LOUIS** | | STATE **MO** | ZIP CODE **63146-5130** | |
|---|---|---|---|---|
| DATE OF BIRTH **09/01/1953** | AGE **68** | RACE **B** | SEX **F** | HEIGHT **507** | WEIGHT **200** |

| DRIVER'S LIC. NO. **E0B1926B** | | | COL? [] YES [] NO | STATE **MO** |
|---|---|---|---|---|

**LEAVE THIS LINE BLANK**

EMPLOYER

ADDRESS (Street, City, State, Zip)

| DID UNLAWFULLY: | [] OPERATE/DRIVE | | [] PARK | [] C.M.V. | [] WITH HAZ. MAT |
|---|---|---|---|---|---|
| **V E H I C L E** | YEAR | MAKE | MODEL | STYLE | COLOR |
| | REGISTERED WEIGHT | | **L I C** NUMBER | STATE | YEAR |

DID THEN AND THERE COMMIT THE FOLLOWING OFFENSE(S)
**Non Traffic**

THE FACTS SUPPORTING THIS BELIEF ARE AS FOLLOWS:
**TALL GRASS AND VEGETATION ON THE FENCE LINE AND ON THE VACANT LOT THAT NEEDS TO BE CUT**

| OFFICER **/s/ PO BROWN DSN 1521** | BADGE **01521** | TRP/ZONE **SOU** | DATE **08/30/2022** |
|---|---|---|---|

OFFICER'S SIGNATURE

VIOLATOR'S SIGNATURE

Exhibit J
Page 1 of Exhibit J

From: **Sam Alton** sam@stlinjured.com
Subject: **Re: Vehicle and Property Maintenance at 1539 Faris,**
**Pagedale, Missouri 63133 ("Property")**
Date: Sep 18, 2022 at 4:29:53 PM
To: Dr. Janet  Austell jaustell@icloud.com
Cc: Janet Austell drjaustell@gmail.com

I have photos taken days ago showing flat tires and busted windows. It would not pass inspection. It is clearly not operable. If it is- why not just move it to your property where you live? We are trying to do all we can to avoid a legal battle that will cost everyone money.  Why not just move it? We don't want to proceed legally.  We are simply asking you to remove the vehicle- to the extent you can.  Other than looking for a fight with the City- I can't understand why you woudn't simply move it or let us move it.

Again- I want to emphasize the City is not looking for a fight.  We are simply trying to address concerns and maintain the City.  Can you help us and remove your vehicle?

From: "Dr. Janet Austell" <jaustell@icloud.com>
Date: Sunday, September 18, 2022 at 4:25 PM
To: Sam Alton <sam@stlinjured.com>
Cc: Janet Austell <drjaustell@gmail.com>
Subject: Re: Vehicle and Property Maintenance at 1539 Faris, Pagedale, Missouri 63133 ("Property")

Dear Sir,
It is not a derelict vehicle.

Dr. Janet L. Austell

On Sep 18, 2022, at 4:23 PM, Sam Alton <sam@stlinjured.com> wrote:

Dr. Austell:

Why do you want to keep a derelict vehicle that nobody drives where nobody lives and that you know irritates the family that lives at 1541 when you don't live at the City of Pagedale any longer? To simply irritate the City and/or other residents? It makes no sense.  You will receive the applicable ordinances in the violation notice(s) and application for an administrative warrant.  Sadly, this can all be avoided if you will simply move your derelict vehicle.

Have a great weekend.

From: "Dr. Janet Austell" <jaustell@icloud.com>
Date: Sunday, September 18, 2022 at 4:18 PM
To: Sam Alton <sam@stlinjured.com>
Cc: Janet Austell <drjaustell@gmail.com>

Exhibit J
Page 2 of Exhibit J

**Subject:** Re: Vehicle and Property Maintenance at 1539 Faris, Pagedale, Missouri 63133 ("Property")

Mr. Alton,
This vehicle is legally licensed in the state of Missouri. This 1995 Honda Accord is insured as required by Missouri state statue.  This vehicle is operational and passed Missouri state inspection.

The mirror is broken on this vehicle as a result of the illegal towing performed by the City of Pagedale and Eddie's Towing. This broken mirror was documented by my son's attorney when the vehicle was returned. I suggest you reference case number 4:19-cv-02596 for more information.

This vehicle has been vandalized by the neighbors residing at 1541 Faris.  Previously a police report was filed (reporting vandalism) with Pagedale Police Department (PPD). PPD did not take any investigative action on this report. If PPD had performed basic investigative actions they would have uncovered video proof (and eyewitnesses) of this vandalism. Prior to repeated vandalism this vehicle had an estimated value of $2,500. Before, vandalism I had 2 offers from neighbors to buy this vehicle that I was considering. Currently, I am in the process of looking for a replacement (rear passenger side) window.

As per my previous settlement with the City of Pagedale you have no rights to dictate my legal use of 1539 Faris Ave. Where I live does not have any impact on my use of 1539 Faris Ave. Your statement of " The family living at 1541 Faris complains about the vehicle- justifiably so- on a daily basis." is your issue to resolve.

I will replace the window in this 1995 Honda Accord as soon as I can find (an affordable) replacement. I will continue to use my driveway at 1539 Ave in a legal manner. Please provide me with the ordinance(s) that states, I cannot park a properly licensed vehicle on my property.

You **do not** have my permission to remove this legally licensed, insured, inspected, and operational vehicle. I will fix the window. I am an elderly person that has done my duty to maintain my property. If there are ordinances covering our current situation please provide it immediately.

Dr. Janet L. Austell

19

Exhibit J
Page 4 of Exhibit J

On Sep 18, 2022, at 3:12 PM, Sam Alton <sam@stlinjured.com> wrote:

Ms. Austell:

My name is Sam Alton and I represent the City of Pagedale, Missouri ("City").  I can't tell if you have an attorney or not- Mr. Kanzler- however, if you do, please forward this email to him.

I have reviewed your undated correspondence alleging harassment and "illegal warnings" from the City regarding the Property.  I am also aware of your interaction with the City in the past.  All we are trying to do is maintain the City in a clean, safe and code compliant manner.

It is clear from recent pictures of the Property I have reviewed that the Property contains overgrown vegetation.  Additionally, the stand-alone driveway that abuts the residential home of a City resident contains a derelict vehicle that is clearly inoperable, has been there for years and constitutes a dangerous nuisance not only for the family living at 1541 Faris but for children and residents living in the area.  This vehicle has been parked in the standalone driveway for years.  Its tires are flat.  The mirrors and windows are broken.  The family living at 1541 Faris complains about the vehicle- justifiably so- on a daily basis.

The City does not wish to escalate a legal battle with you; however, the City is requesting that you either simply remove the vehicle from the Property or grant the City permission to tow the vehicle.  If the latter, the vehicle will not be disposed of or further destroyed. It will simply be removed from the Property immediately.

Please respond within three (3) business days as to whether you will remove the vehicle from the Property or grant the City permission to remove the vehicle from the Property.  If you do not respond nor grant the City permission, please be advised that the City will proceed with an application to obtain an administrative warrant to enter the Property and, if the warrant is obtained, the City will remove the vehicle.

It is clear that neither you nor any family member remain in the City. The car is derelict. It is non-operational.  On behalf of the City and the family at 1541 Faris, we are simply asking you to be a good neighbor and allow the City to remove the vehicle.

Your response is appreciated.

ZD

Exhibit J
Page 5 of Exhibit J

Sam Alton
City Attorney
City of Pagedale, Missouri

2 l

Exhibit K

30-SEP-22

## Missouri Uniform Citation — Violator's Copy

PAGEDALE POLICE DEPARTMENT
CITY OF PAGEDALE

**190256408**

STATE OF MISSOURI

IN THE CIRCUIT COURT OF **Pagedale Municipal Court**   DIVISION   Courtroom 1

COURT ADDRESS (Street, City, Zip)
**1420 FERGUSON AVE, PAGEDALE, MO, 63133**

COURT DATE: **12/01/2022**   COURT TIME: **6:00** ☐ AM ☒ PM   COURT PHONE NO.: **(314) 726-1200**

I, KNOWING THAT FALSE STATEMENTS ON THIS FORM ARE PUNISHABLE BY LAW, STATE THAT I HAVE PROBABLE CAUSE TO BELIEVE THAT:

ON/ABOUT (Date) AT TIME **09/30/2022** **1330** HRS ☐ CST   WHO? CLASS UPON/AT OR NEAR (LOCATION) CST 1530 FARIS AVE

WITHIN CITY / COUNTY AND STATE AFORESAID,
NAME (LAST, FIRST, MIDDLE)
**AUSTELL, DR, JANET LANICE**

STREET ADDRESS
**1149 ORCHARD LAKES DR**

CITY **ST LOUIS**   STATE OR CODE **MO**   **63146-5130**

DATE OF BIRTH **09/01/1953**   RACE **B**   SEX **F**   HEIGHT **507**   WEIGHT **200**

DRIVER'S LIC. NO. **E0B19268**   CDL ☐ YES ☒ NO   STATE **MO**

EMPLOYER

ADDRESS (Street, City, State, Zip)

DID UNLAWFULLY ☐ OPERATE/DRIVE ☐ PARK   ☐ C.M.V.   ☐ WITH HAZ. MAT.

YEAR   MAKE   MODEL   STYLE   COLOR

REGISTERED WEIGHT   NUMBER   STATE   YEAR

DID THEN AND THERE COMMIT THE FOLLOWING OFFENSE. THE FACTS SUPPORTING THIS BELIEF ARE AS FOLLOWS:

*FAILURE TO CONTROL WEEDS-VEGETATION OVERGROWTH OF VEGETATION AND HIGH WEEDS ON FENCE LINE AND REAR OF PROPERTY - 84029990*

☐ Subject taken into custody. (Complete "For Issuance of a Warrant" section on reverse side.)

DRIVING   POSTED SPEED LIMIT   DETECTION METHOD
☐ STATIONARY RADAR ☐ WATCH (AIR) ☐ PACE CLEAR
MPH   MPH   ☐ MOVING RADAR   ☐ WATCH (GROUND) ☐ OTHER

IN VIOLATION OF: STATUTE/ORDINANCE - CHARGE CODE
☐ MSMO ☒ ORD   **500.010**   **ORD901.0-034N20215599.0**

SEAT BELT VIOLATION: STATUTE/ORDINANCE - CHARGE CODE
☐ MSMO ☐ ORD

☐ IN FATAL CRASH ☐ IN CRASH ☐ DWI / BAC.   OCN
☐ SPECIAL ENFORCEMENT ZONE ☐ SCHOOL ZONE
☐ CONSTRUCTION ZONE ☐ COMPLIANCE

OFFICER **/s/ SGT GOAD DSN 1529**   BADGE **01529**   DEPT/COMB **SOU**   DATE **09/30/2022**

ON INFORMATION, UNDERSIGNED PROSECUTOR CHARGES THE DEFENDANT AND INFORMS THE COURT THAT ABOVE FACTS ARE TRUE AND PUNISHABLE BY: **125,160**   ☐ MSMO ☒ ORD

PROSECUTOR'S SIGNATURE   DATE

I promise to dispose of the charges of which I am accused through court appearance or prepayment of fine and court costs.   DR. LIC. POSTED ☐ YES ☒ NO

SIGNATURE X

Dr. Janet L. Austell
1149 Orchard Lakes Dr.
St. Louis MO. 63146

1420 Ferguson Ave
Pagedale, MO 63133
PAGEDALE

SAINT LOUIS MO 630
1 OCT 2022 PM 4 L

Exhibit L
Page 1 of Exhibit L
Page 1 of Ordinance/Code Chapter 500

3/28/2021                          City of Pagedale, MO Ecode360

*City of Pagedale, MO*
*Friday, March 26, 2021*

## Chapter 500. Building Codes and Building Regulations

## Article I. County Codes

## Section 500.010. Adoption of County Codes.

[CC 2000 §500.010; CC 1990 §505.010; Ord. No. 1155 §1, 2-11-1999; Ord. No. 1188 §1, 9-14-2000; Ord. No. 1206 §1, 4-12-2001; Ord. No. 1215 §1, 11-8-2001; Ord. No. 1264 §1, 11-13-2003; Ord. No. 1313 §1, 9-8-2005; Ord. No. 1314 §1, 9-8-2005; Ord. No. 1315 §1, 9-8-2005; Ord. No. 1316 §1, 9-8-2005; Ord. No. 1320 §1, 11-10-2005; Ord. No. 1330 §1, 11-29-2005; Ord. No. 1450 §1, 9-9-2010; Ord. No. 1623, 4-25-2018]

A. Adoption of County Codes in St. Louis County:

1. "Building",

2. "Residential",

3. "Existing Building",

4. "Electrical",

5. "Explosives",

6. "Mechanical",

7. "Plumbing",

8. "Property Maintenance", and

9. "Land Disturbance"

   Code(s) as amended by the County of St. Louis through date of last amendatory ordinance(s):

   1. County Ordinance 24,444 — July 21, 2010.
   2. County Ordinance 24,427 — July 13, 2010.
   3. County Ordinance 24,444 — July 21, 2010.
   4. County Ordinance 24,439 — July 14, 2010.
   5. County Ordinance 18,693 — November 12, 1997.
   6. County Ordinance 24,438 — July 14, 2010.
   7. County Ordinance 24,441 — July 14, 2010.
   8. County Ordinance 24,440 — July 14, 2010.
   9. September 21, 2005

   respectively is/are hereby adopted as the:

   1. "Building",

45

Exhibit L
Page 2 of Exhibit L
Page 2 of Ordinance/Code Chapter 500

3/26/2021                                    City of Pagedale, MO Ecode360

2.   "Residential",
3.   "Existing Building",
4.   "Electrical",
5.   "Explosives",
6.   "Mechanical",
7.   "Plumbing",
8.   "Property Maintenance", and
9.   "Land Disturbance"
Code(s) of the City of Pagedale, Missouri, as if fully set out herein.

## Section 500.020. Enforcement of County Codes.

[CC 2000 §500.020; CC 1990 §505.020; Ord. No. 1046 §2, 1-12-1995]
The Mayor of the City of Pagedale is authorized, on behalf of the City of Pagedale, to enter into an agreement with St. Louis County, Missouri, implementing Section **500.010** and permits, inspections, licenses and approvals thereunder.

## Section 500.030. Permits — Inspections — Licensing — Approval of Plans.

[CC 2000 §500.030; CC 1990 §505.030; Ord. No. 776 §1, 6-13-1985]

A.   *Permits.* The County through its Department of Public Works shall issue all permits required by the codes as set forth in Section **500.010** of this Article.

B.   *Inspections.* The County through its Department of Public Works shall execute all inspections required by the codes as set forth in Section **500.010** of this Article.

C.   *Licensing.* The County through its Department of Public Works shall license all persons as required by the codes as set forth in Section **500.010** of this Article.

D.   *Approval Of Plans.* The County through its Department of Public Works shall examine all plans to determine their compliance with the codes as set forth in Section **500.010** of this Article.

## Section 500.032. Restrictive Provisions.

[CC 2000 §500.032; CC 1990 §505.040]
If the municipality has adopted provisions applicable to the services as set forth in Section **500.010** said provisions being more restrictive than those contained in County's codes, the municipality shall approve all plans prior to submission to County's Department of Public Works for issuance of permits.

## Section 500.033. Regulatory Ordinances.

[CC 2000 §500.033; CC 1990 §505.050; Ord. No. 776 §1, 6-13-1985]
The municipality shall approve all plans for compliance with zoning or other regulatory ordinances prior to submission to County's Department of Public Works.

## Section 500.034. Enforcement of Municipal Ordinance.

Exhibit L
Page 3 of Exhibit L
Page 3 of Ordinance/Code Chapter 500

3/26/2021                                    City of Pagedale, MO Ecode360

[CC 2000 §500.034; CC 1990 §505.060; Ord. No. 776 §1, 6-13-1985]
The County shall not take any action, either at law or in equity, to enforce the provisions of municipality's ordinances as the same shall apply hereto. County shall apply hereto. County shall notify municipality of any known violations of municipality's ordinances.

## Section 500.035. Fee Collection.

[CC 2000 §500.035; CC 1990 §505.070; Ord. No. 776 §1, 6-13-1985]
All fees shall be collected and retained by County's Department of Public Works.

## Section 500.036. Amendments to County Code.

[CC 2000 §500.036; CC 1990 §505.080; Ord. No. 776 §1, 6-13-1985]

A. *Amendments.* In the event County shall add to, delete or amend Sections of the code(s) as set forth in Section **500.010** herein, the municipality shall amend its ordinance to make it identical in substance to County's amended code. County shall supply municipality with a copy of its proposed amendment prior to its effective date and municipality shall amend its ordinance within ninety (90) days of the effective date of said County amendment. In the event County shall fail to provide a copy of its proposed amendment as provided above, the municipality shall have ninety (90) days to amend its ordinance after receipt of a copy of County's amendments.

B. *Certified Copy.* The municipality shall supply County with a certified copy of all amendments to its ordinance within five (5) days of said amendment's effective dates.

## Section 500.037. Termination.

[CC 2000 §500.037; CC 1990 §505.090; Ord. No. 776 §1, 6-13-1985]

A. *Failure To Amend.* In the event the municipality shall fail to amend its ordinance as provided in Section **500.010** herein, this agreement shall be terminated.

B. *Termination For Convenience.* Either County or municipality may terminate this agreement at any time by giving ninety (90) days' prior written notice to the other party.

## Section 500.038. Penalty.

[CC 2000 §500.038]
Any person violating any of the provisions of the codes adopted in this Article shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined in an amount not exceeding one thousand dollars ($1,000.00) or be imprisoned in the County Jail for a period of not exceeding ninety (90) days or both such fine and imprisonment. Each day such violation is committed or permitted to continue shall constitute a separate offense and shall be punishable as such hereunder.

## Article II. Building Commissioner

## Section 500.040. Appointment — Term — Duties.

[CC 2000 §500.040; CC 1990 §130.050; Ord. No. 4 §§1, 3, 5, 2-21-1950; Ord. No. 421 §§1 — 2, 10-14-1971; Ord. No. 459 §1, 3-8-1973; Ord. No. 463 §1, 3-8-1973; Ord. No. 788 §1, 6-27-1985]

Exhibit L
Page 4 of Exhibit L
Page 4 of Ordinance/Code Chapter 500

3/26/2021                                                 City of Pagedale, MO Ecode360

Within twenty (20) days after the election in April of each year or as soon thereafter as practical, the Mayor may appoint, subject to the approval of the Board of Alderpersons, a Building Commissioner who shall hold his/her office for one (1) year or until his/her successor is appointed and qualified, unless sooner removed from office by the Board of Alderpersons, whose duty it shall be to enforce the provisions of the Building Code of the City and to perform such other duties as may be provided for by ordinance.

## Article III. Miscellaneous Building Regulations

## Section 500.050. Earthquake and Seismic Design Requirements.

[CC 2000 §500.050]
All construction in the City shall comply with the requirements of Sections 319.200 through 319.207, RSMo., and any amendments thereto, relating to earthquakes and seismic construction requirements.

## Article IV. Sewer Lateral Program

## Section 500.060. Establishment of Sewer Lateral Program.

[Ord. No. 1182 §§1 — 3, 6-19-2000]

A.  There is hereby established a Pagedale Sewer Lateral Program in accordance with the results of the April 4, 2000 election vote of Pagedale's citizens.

B.  The Pagedale Board of Alderpersons hereby establish a policy, a copy of which is on file in the City offices and incorporated by reference, to effectuate the sewer lateral program.

## Article V. Smoke Detectors

## Section 500.070. Smoke Detectors.

[CC 2000 §510.010; Ord. No. 853 §§1 — 3, 3-14-1988]

A.  For purposes of this Section, the following definitions shall apply:

**SLEEPING AREA**
A room customarily intended or usually utilized for sleeping or a combination of rooms intended for sleeping within a dwelling unit, which are located on the same floor and are not separated by another habitable room, such as a living room, dining room or kitchen (but excluding bathroom, hallway or closet). A dwelling unit may have more than one (1) sleeping area.

**SMOKE DETECTOR**
A device of either the ionization chamber or photoelectric type, which detects visible or invisible particles of combustion, which emits an audible warning upon detection, which complies with all specifications of the Underwriters' Laboratories, Inc., Standard UL217 (Standard for Safety-Single and Multiple Station Smoke Detectors, 2nd Edition, October 4, 1978, as revised May 19, 1983) or any recognized standard testing laboratory that certifies the detector meets the requirement of National Fire Protection Association (NFPA) Standards 72E and 74, which bears the label of a nationally recognized standards testing laboratory that indicates that the smoke detector has been tested and listed under the requirement of UL217

Exhibit L
Page 5 of Exhibit L
Page 5 of Ordinance/Code Chapter 500

3/26/2021                         City of Pagedale, MO Ecode360

2nd Edition or NFPA 72E and 74, and which is powered by being wired directly to the power source of the dwelling unit or by a self-contained battery power source.

B.   *Smoke Detectors Required — When.*

   1.   The owner of each dwelling unit prior to any construction, renovation, improvement, sale, change of ownership or change of tenants or occupants after March 14, 1988, shall install smoke detectors in said dwelling unit. If smoke detectors already exist in said dwelling unit at said time, the smoke detectors must comply with the provisions of this Section.

   2.   Upon the occurrence of any of the events set forth in Subparagraph (1) of this Subsection, the owner of each dwelling unit shall install at least one (1) smoke detector to protect each sleeping area. In an efficiency apartment dwelling, the owner shall install the smoke detector in the room used for sleeping. In all other dwellings, the owner shall install the smoke detectors outside the sleeping areas and on the ceilings in the immediate vicinity of the sleeping area on the ceiling, at a minimum of four (4) inches from the side wall to the near edge of the detector and within fifteen (15) feet of all rooms used for sleeping purposes. A smoke detector shall be installed on every floor level, including the basement. Therefor, a two-story residence with a basement shall have a minimum of three (3) smoke detectors. The smoke detector in the basement shall be as close as possible to the top of the stairwell.

C.   Any owner or other person convicted of violating any provision of this Section shall be punished by a fine of not less than twenty-five dollars ($25.00) and not more than five hundred dollars ($500.00) or by imprisonment for not more than ninety (90) days or by both such fine and imprisonment. Each violation relating to each smoke detector, required or otherwise regulated by this Section, shall be deemed a separate offense.

## Article VI. Registration Fee on Owners of Unoccupied Residential Structures

## Section 500.080. Registration Fee on Owners of Unoccupied Residential Structures.

[Ord. No. 1276, §§1 — 2, 2-12-2004]

A.   There is hereby imposed a semi-annual registration fee of two hundred dollars ($200.00) to be paid by the owner of any residential structure to the City which has been vacant for six (6) or more months and is in violation of the City's housing or building codes.

B.   Said fee shall be collected by the City as and when it deems fit and any unpaid amounts due hereunder shall be a lien against the property as which such structure is located.

Exhibit M
Page 1 of Exhibit M

 # THE CITY OF PAGEDALE
1420 FERGUSON AVE.
PAGEDALE, MISSOURI 63133

314 726-1200 office
314 726-2604 fax

DATE: October 3, 2022
NAME: Dr. Janet L. Austell
ADDRESS: 1149 Orchard Lakes Drive, St. Louis Missouri 63146

Sent via email to JAUSTELL@ICLOUD.COM and Certified Mail, return receipt requested

CITY OF PAGEDALE, STATE OF MISSOURI

ADDRESS #: 1539 Faris Ave., Pagedale, Missouri 63133 ("Property")
Open Storage of Derelict/Inoperable Vehicle-Safety Hazard 215.040
Failure to Control Weeds and Vegetation- 500.010 and St. Louis
County Municipal Code Section 619.010, 619.050 and 619.060

Dear Dr. Janet Austell and Alfred Austell:

I.    Derelict/Inoperable and Dangerous Vehicle- Alfred Austell

As you are well aware, a derelict, inoperable and dangerous vehicle titled to Alfred Austell has been abandoned at the Property- a strip of pavement with no residence, garage or enclosure for the vehicle and in the name of Alfred Austell- for over a year. The tires on the vehicle are flat. The driver side review mirror and passenger window are destroyed. There is debris in all of the wheel wells. We have notified you and requested that you remove the vehicle numerous times. You refuse- to the detriment of the City, its residents and families that live near and adjacent to the Property- to remove the vehicle. Children live and play near this dangerous abandoned vehicle. Your refusal to remove the abandoned vehicle shows a blatant disregard for the residents of the City of Pagedale ("City") and their safety and the vehicle presents a clear safety hazard to the area.

Section 215.070 of the City Code, Towing of Abandoned Property on Private Real Property states, in pertinent part:

> A.    *Generally.* The City, including the
> City Police Department, may tow motor
> vehicles from real property which are
> deemed a public safety hazard pursuant to
> Section 215.040 or are derelict, junk,
> scrapped, disassembled or otherwise
> harmful to the public health. The City shall
> perform such tow pursuant to the terms of
> Section 215.080.

Exhibit M
Page 2 of Exhibit M

Alfred Austell, you are hereby notified, accompanied by the citation issued on September 30, 2022 and attached hereto, that you have five (5) business days to remove the vehicle from the Property. If you do not remove the vehicle from the Property within 5 days, the City will remove the vehicle pursuant to section 215 of the City Code.

**H.      Weeds and Vegetation- Nuisance- Dr. Janet Austell**

Dr. Janet Austell, as owner of the Property, you have been issued a citation for "Failure to control weeds and vegetation" on the Property pursuant to sections 500.010 of the City Code and 619.010, 619.050 and 619.060 of the St. Louis County Code governing "Weed Control." A photo taken September 30, 2022 of the Property is attached for your reference.

You are hereby provided notice to abate the overgrown weed and vegetation at the property within seven (7) days of receiving the citation and this notice. If you do not abate the nuisance at the Property within 7 days, the City will abate the nuisance pursuant to section 619.060 of the St. Louis County Code.

Please understand, the City is simply doing what it can to keep the City safe and clean. If you abate the safety hazard by removing the vehicle and abate the nuisance by simply maintaining your Property, the City will work with you to resolve the citations. The City seeks abatement, not court dates.

Respectfully,

Chief of Police
Anthony Huckleberry
City of Pagedale, Missouri

Exhibit M
Page 3 of Exhibit M



Exhibit N

# City of Pagedale, MO

☰  619  🔍

# Search Results

 

## § CR.010 **Cross Reference Table.**  🖨 ✉

📖 Code / Ch CR: Cross Reference

... Superseded/715 596 10-13-1977 1 130.010 599 Superseded/778 609 Repealed/619 610 Repealed/630 611 Repealed/628 612 Repealed/689 616 Repealed/695 618 Superseded/785 619 Repealed/631 620 Superseded 623 Repealed/632 624 12-14-1978 2 125.090, ...

619 (2)

U.S. POSTAGE
FCM LG ENV
SAINT LOUIS
SEP 05, 2023

**$4.23**

R2304N1R51

63102

Retail

RDC 99

Janet L. Austell
1149 Orchard Lakes DR.
St. Louis, MO 63146

U. S. District Court for the Eastern District

111 South 10th Street

St. Louis, MO 63102