# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JANET L. AUSTELL, Pro Se, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:22-CV-01006-AGF |
| v. | ) | |
| | ) | |
| CITY OF PAGEDALE, | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW Defendant City of Pagedale, by and through the undersigned counsel, and for its Amended Answer to Plaintiff's Amended Complaint (Doc. # 40, p. 19-71), hereby states to the Court as follows:

1. Count 1 of Plaintiff's Complaint fails to make any averment against Defendant, and therefore, said Defendant makes no response thereto. To the extent any of the averments contained in Count 1 of Plaintiff's Complaint are construed to be against Defendant, Defendant denies the same.

2. Count 2 of Plaintiff's Complaint fails to make any averment against Defendant, and therefore, said Defendant makes no response thereto. To the extent any of the averments contained in Count 2 of Plaintiff's Complaint are construed to be against Defendant, Defendant denies the same.

3. Count 3 of Plaintiff's Complaint fails to make any averment against Defendant, and therefore, said Defendant makes no response thereto. To the extent any of the averments contained in Count 3 of Plaintiff's Complaint are construed to be against Defendant, Defendant denies the same.

4. Defendant is without sufficient information to affirm or deny the averments contained in Paragraph 4, and therefore, denies the same.

5. Defendant denies the averments contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant states that Exhibits B and C are their own best evidence and speak for themselves. Defendant denies the remaining averments contained in Paragraph 6.

7. Defendant states that Exhibits D, E and F are their own best evidence and speak for themselves. Defendant denies the remaining averments in Paragraph 7.

8. Defendant states that Exhibits G and H are their own best evidence and speak for themselves. Defendant denies the remaining averments contained in Paragraph 8.

9. Defendant states that Exhibit I is its own best evidence and speaks for itself. Defendant denies the remaining averments contained in Paragraph 9.

10. Defendant states that Exhibit J is its own best evidence and speaks for itself. Defendant denies the remaining averments contained in Paragraph 10 and all subparts thereto.

11. Defendant states that Exhibit K, L, M and N are their own best evidence and speaks for themselves. Defendant denies the remaining averments contained in Paragraph 11 and all subparts thereto.

12. Defendant states that its website is its own best evidence and speaks for itself. Defendant denies the remaining averments contained in Paragraph 12.

13. Defendant denies the averments contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the averments contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the averments contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the averments contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the averments contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the averments contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the averments contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the averments contained in Paragraph 20 of Plaintiff's Complaint.

## COUNT I – VIOLATIONS UNDER 42 U.S.C. 1983

21. Defendant realleges herein by reference its response to Paragraphs 1 through 20 of Plaintiff's Complaint.

22. Paragraph 22 purports to be a statement of law to which a legal response is not required. To the extent the court deems a legal response is required Defendant denies same.

23. Paragraph 23 purports to be a statement of law to which a legal response is not required. To the extent the court deems a legal response is required Defendant denies same.

24. Paragraph 24 purports to be a statement of law to which a legal response is not required. To the extent the court deems a legal response is required Defendant denies same.

25. Defendant denies the averments contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the averments contained in Paragraph 26 of Plaintiff's Complaint.

WHEREFORE, Defendant prays that Count I of Plaintiff's Complaint be dismissed and that Defendant be released with its proper costs, attorney fees, and for such other and further relief as the court deems just and proper in the circumstances.

## AFFIRMATIVE DEFENSES

A. In further answer and defense, Defendant states that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

B. In further answer and defense, Defendant states that Plaintiff's claims are barred by the equitable Doctrine of Unclean Hands and Estoppel.

C. In further answer and defense, Defendant states that Plaintiff's claims are barred by the Doctrine of Sovereign Immunity.

D. In further answer and defense, Defendant states that Plaintiff has failed to allege facts that support a claim for damages against Defendant under 42 U.S.C. § 1983; further, she fails to allege facts that give rise to a violation of Plaintiff's constitutional rights.

E. In further answer and defense, Defendant states that to the extent Plaintiff has asserted claims against employees or officials of Defendant any such claims are

barred by the Doctrine of Qualified Immunity.

F. In further answer and defense, Defendant states that Plaintiff's claims are barred by the Public Duty Doctrine.

G. In further answer and defense, Defendant states that Plaintiff has a duty to mitigate her damages by refraining from violating city ordinances which she failed to do.

H. In further answer and defense, Defendant states that any seizure of property of Plaintiff by Defendant, which is specifically denied, was undertaken pursuant to law and official and public duty and was based upon reasonable cause.

I. In further answer and defense, Defendant states that Plaintiff's damages, if any, were the result of and proximately caused by Plaintiff's own negligence, fault, conduct and behavior.

J. In further answer and defense, Defendant states that Plaintiff lacks the requisite standing to bring the constitutional claims asserted herein.

K. In further answer and defense, Defendant states that while denying the existence of a Trespass, any alleged Trespass herein was justified and lawful as Defendant was acting in good faith pursuant to public or official duty.

L. In further answer and defense, Defendant states Plaintiff's claims herein are in contravention of public policy in that the relief sough intrudes on Defendant's enforcement of ordinances and laws and would adversely affect public safety and welfare.

M. In further answer and defense, Defendant states that Plaintiff has an adequate remedy at law thereby barring claims for injunctive relief.

N. In further answer and defense, Defendant states that Plaintiff's allegations for

punitive damages against Defendant must be denied for the reasons that it would deprive this Defendant of its Constitutional rights under the Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and Article I, Sections 2, 10, 15, 18, 19 and 21 of the Constitution of the State of Missouri in the following respects:

i. the guidelines, standards and/or instructions for assessing such damages are vague, indefinite and uncertain, supply no notice to Defendant of the potential repercussions of their alleged conduct, fail to require proof of every element beyond a reasonable doubt, are subject to the unbridled discretion of the jury and do not allow adequate judicial review, thereby denying due process;

ii. assessment of such damages is criminal or penal in nature and, therefore, rights of defendant in criminal proceedings are applicable;

iii. assessment of such damages amounts to the imposition of an excessive fine or cruel or unusual punishment;

iv. assessment of such damages exposes Defendant to multiple jeopardy or punishments for the commission of the same act;

v. assessment of such damages constitutes double jeopardy;

vi. assessment of such damages permits the trier of the fact to impose those damages without requiring a greater burden of proof than is required for assessment of compensatory damages;

vii. assessment of such damages constitutes an impermissible burden on interstate commerce;

viii. assessment of such damages imposes a retroactive standard governing the liability for an amount of such damages;

ix. assessment of such damages is arbitrary, capricious and discriminatory;

x. assessment of such damages is not related to a legitimate state interest;

xi. assessment of such damages has no comprehensible limitation on the amount of same;

xii. assessment of such damages may be awarded by less than a unanimous verdict;

xiii. assessment of such damages is not based upon an adequate procedure for the determination of those damages in violation of the equal protection and substantive and procedural due process requirements of the Constitution of the State of Missouri and the Constitution of the United States of America in violation of the decision of the United States Supreme Court in Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1 (1991).

O. In further answer and defense, Defendant reserves the right to supplement its Affirmative Defenses as more information becomes available through the discovery process.

P. <u>In further answer and defense, Defendant states that Plaintiff's claims for violations of due process are barred because she failed to exhaust state law remedies including but not limited to remedies provided by the Municipal Code of the City of Pagedale, Missouri.</u>

BARKLAGE, BRETT & HAMILL, P.C.

BY:    */s/ John R. Hamill III*
JOHN R. HAMILL III, #45040
211 North Third Street
St. Charles, MO 63301
Telephone (636) 949-2120
Facsimile (636) 949-8786
jhamill@barklage-brett.com
*Attorney for Defendant City of Pagedale*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on this 16th day of February, 2024, via email and US mail postage prepaid to:

Janet L. Austell
1149 Orchard Lakes Drive
St. Louis, MO 63146
jaustell@icloud.com

                                                    */s/ John R. Hamill III*